CASE 68—TAXATION—DEC. 9.

# Negley v. Henderson Bridge Company, The.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. REVENUE AND TAXATION—RAISING ASSESSMENT WITHOUT NOTICE.
Under section 4047, 4058, 4053 of the Kentucky Statutes,
neither the assessor nor board of supervisors can increase the
valuation placed by the taxpayer upon property listed by him
without notice to such taxpayer of such increase.

2. INJUNCTION AGAINST ILLEGAL TAXES.—In such a case a person
against whom such illegal assessment has been made is entitled
to an injunction restraining the collection of the tax upon an
assessment which has been raised without notice to him.

MONTGOMERY MERRITT FOR THE APPELLANT.

1. The petition does not state a cause of action. There is no alle-
gation of fraud and the only ground for the relief sought is
over-valuation. Cooley on Taxation, secs. 748, 750, 775, 784,
529; High on Injunction, 494; 3 Ky. Law Rep., 156; 10 Ky. Law
Rep., 25; 8 Ky. Law Rep., 706; 121 U. S., vol. 30 L. ed., 1000;
46 S. W. R., 576; 11 S. W. R., 1111. The petition does not
state that the plaintiff did not know that the assessment had
been raised and did not know of the time and place of the meet-
ing of the board of supervisors.

2. On the question of *res adjudicata*: Henderson Bridge Co. v. City
of Henderson, 18 Ky. Law Rep., 419; Union & Planters Bank
v. City of Memphis, 46 S. W. R., 561; City of New Orleans v.
Citizens Bank, 167 U. S., 371.

YEAMAN & YEAMAN FOR THE APPELLEE.

1. The petition stated a cause of action. The board of supervisors
can not change an assessment unless the evidence be clear and
unmistakable that the valuation is not a fair cash value. Ky.
Stats., sec. 4120; and the taxpayer is entitled to notice of any
raise of assessment.

2. Appellee was entitled by paying the tax upon the assessment
as given in by it to an injunction against the collection of any
further tax. Gates v. Barrett, 79 Ky., 295; Norman v. Boaz,
85 Ky., 557; Baldwin v. Hewitt, 88 Ky., 673.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted on the 25th day of November, 1896, to enjoin appellant, as sheriff of Henderson county, from the collection of taxes upon the Henderson Bridge for the year 1896 upon any greater valuation than $649,735.54.

The petition alleges that the plaintiff (appellee), as required by law, and at the instance of the assessor of Henderson county, did, on the —— day of December, 1895, return to said assessor for taxation, under oath, the fair cash value of that portion of said bridge within the State of Kentucky and county of Henderson at the sum of $649,735.54; that the assessor, after receiving said return, raised the valuation of the property to $1,000,000 without notice to the plaintiff at the time of such assessment, or at any other time, of the amount of such increase, nor did he notify it of the time and meeting of the board of supervisors, nor did he report to the board of supervisors a list of taxpayers in the county whose tax lists had been added to, or increased by, him after receiving them from the hands of the taxpayer, with a short statement; and it is alleged that the valuation made by the assessor is excessive and unequal, as compared with the valuation of other property in the county, and more than fifty per cent. above the fair cash value of the property assessed to plaintiff, and that the return of the assessor of the listing of said property, as above set forth, was not a valid assessment thereof; that the clerk of the county court derived no authority from such assessment to deliver the tax book to the sheriff with the plaintiff's property aforesaid listed at $1,000,000, and that the defendant obtained by such book no authority to demand or collect from plaintiff any tax in excess of the valuation placed there-

on by it, with the addition of one per cent. made by the
State Board of Equalization.

It is further alleged that the defendant was threatening
to sell plaintiff's property under the aforesaid pretended
assessment, and that this suit was instituted to enjoin
him from collecting tax upon the property upon any val-
uation exceeding that placed by it in the list returned to
the assessor, with the one per cent. addition made by the
State Board of Equalization, and which it avowed it had
already paid to the defendant as sheriff.

Section 4047 of the Kentucky Statutes requires all tax-
payers to list all taxable property owned by them at its
fair cash value, estimated at the price it would bring at
a voluntary sale, on the 15th day of September of each
year, under oath; and section 4058 requires that such
lists should be made out upon schedules prepared by the
Auditor of Public Accounts, which are required to con-
tain two columns. In one the person whose property is
assessed shall fix the values, and in the other the assessor
will fix what, in his judgment, is a proper valuation of
the property. These schedules contain numerous and
searching interrogatories, intended to elicit full and accur-
ate information as to every conceivable character of prop-
erty owned by the taxpayers.

Section 4053 of the Kentucky Statutes provides that:

"The assessor, from his own knowledge, and from the
statement of the person listing the property for taxation,
and such other evidence as he may be able to obtain upon
oath of witnesses sworn by him, shall fix the value upon
all the estate listed with him for taxation at its fair cash
value, estimated at the price it would bring at a fair vol-
untary sale, and enter the same in his tax book in the
proper name and title of things, together with the Chris-

tian and surname of the person, and other information
designated in the form of the tax book prescribed by law,
giving also the aggregate value of the property assessed."
It further provides that: "If the value fixed by the as-
sessor be greater than that fixed by the taxpayer, it shall
be the duty of the assessor to notify the taxpayer, at the
time of the assessment, of the amount of such increase,
and of the time and place of the meeting of the Board of
Supervisors, and that he shall report to the Board of Su-
pervisors a list of all taxpayers in the county whose lists
have been added to or increased by him after receiving
them from the hands of the taxpayer, together with a
short statement."

Section 4120 defines the duty and power of supervisors,
and provides that:

"The Board of Supervisors shall make a care-
ful examination of the assessor's books and each
individual list thereof, and may increase or decrease any
list; but the board shall not reduce or raise any assess-
ment unless the evidence be clear and unmistakable that
the valuation is not a fair cash value."

Section 4122 makes it the duty of the sheriff to notify
all such taxpayers whose lists have been increased or re-
duced by the Board of Supervisors, and to notify them of
the time to which the board is adjourned.

And section 4123 provides, upon the reconvening of the
board, they shall hear all complaints, and pass upon the
assessment of all taxpayers.

Under these provisions of the statute, neither the as-
sessor nor Board of Supervisors can increase the valua-
tion placed by the taxpayer upon property listed by him,
without notice to such taxpayer of such increase. The
purpose of these provisions is to give to the taxpayer an

[ 27 ]

opportunity to appear before the board, and be heard upon the proposed increase.

When the taxpayer fixes a valuation upon his property under oath, and returns his list to the assessor, he has the legal right to presume that this valuation is satisfactory to the assessor, unless he receives notice to the contrary. These provisions of law are mandatory upon the assessor and Board of Supervisors, and were intended to protect the taxpayer from arbitrary and illegal valuations of his property by these officers without notice.

This court has, in a number of cases, held that "a mere opinion on the part of a taxpayer that an excessive valuation has been placed upon his property furnished no ground for enjoining the collection of taxes due to either the State or county." (See Russell, Sheriff, v. Carlisle, 10 Ky. L. R., 25, [8 S. W., 14]; Ward v. Beale, 91 Ky., 60; [14 S. W., 967]; and Royer Wheel Co. v. Taylor Co., 20 Ky. L. R., 904, [47 S. W., 876].) But the right to have an injunction to restrain the collection of an illegal and void tax has long been recognized in this State, upon the ground of the inadequacy of the remedy at law.

As was said in Gates v. Barrett, 79 Ky., 296:

"The officer, acting in good faith and under the color of right, is justified by his process, and is not liable as a trespasser; and, as suit would not lie against the State directly, the only complete remedy is by injunction,"—referring to High on Injunctions, sections 796, 801. And this doctrine has been reaffirmed in a number of cases. (Baldwin v. Shine, 84 Ky., 510; [2 S. W., 164]; Norman v. Boaz, 85 Ky., 557; [4 S. W., 316]; Baldwin v. Hewitt, 88 Ky., 673; [11 S. W., 803].)

The facts alleged in this petition were not put in issue,

and the only question is, are they sufficient to support a cause of action?

In our opinion, they are sufficient. The increase in the valuation by the assessor of the property listed by the plaintiff, without the notice to it required by the statute, and the failure on his part to report the change made by him in plaintiff's list to the Board of Supervisors, are fatal to the validity of such assessment, and the chancellor properly enjoined the collection of the taxes on the difference between the valuation fixed by the taxpayer and the illegal assessment made by the assessor.

For reasons indicated, the judgment is affirmed.