# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## SEPTEMBER TERM, 1907

CASE 1.— ACTION BY THE MT. STERLING OIL & GAS CO.
AGAINST C. S. RATLIFF, SHERIFF, TO ENJOIN
THE COLLECTION OF CERTAIN TAXES.—Octo-
ber 30.

## Mt. Sterling Oil & Gas Co. v. Ratliff, Sheriff

Appeal from Bath Circuit Court.

A. W. Young, Circuit Judge.

Judgment for defendant, plaintiff appeals.
Reversed.

1. Taxation—Liability of Property—Statutory Provisions—Inter-
est in Oil Privileges.—Under Ky. Stats., 1903, section 4039,
providing that it shall be the duty of all persons owning any
interest in coal oil privileges in the State, if they should
reside out of the State, to list the property for taxa-
tion in the county where situated, where the owner of an
oil leasehold assigned it to another and reserved as a part
of the consideration therefor a fraction of the oil to be pro-
duced therefrom, the interest reserved was property subject
to taxation in the county wherein the oil wells were situ-
ated within the intent of the Legislature, even though the
owner was a non-resident.

2. Same—Assessment—Notice.—Ky. Stats., 1903, section 4122,
providing that the sheriff shall notify all taxpayers whose
lists have been increased or assessed by the board of super-
visors of tax, is mandatory; and, where an original assess-
ment of omitted property is made by the board without
notice, it is void, notwithstanding section 4128, declaring
that mere informalities or irregularities on the part of the
board shall not invalidate an assessment.

3. Same—Remedies of Taxpayer—Injunction.—Where a tax is imposed by the board of supervisors of tax without notice to the taxpayer, as required by Ky. Stats., 1903, section 4122, the collection of the tax may be enjoined, notwithstanding section 4128, providing that a taxpayer aggrieved by the action of the board may apply to the county judge for redress.

ROBERT H. WINN, attorney for appellant.

J. J. NESBIT, attorney for appellee.

(No briefs—record misplaced.)

OPINION OF THE COURT BY JUDGE SETTLE— Reversing.

Appellant, an Indiana corporation, owned prior to September 1, 1905, certain oil leaseholds in Bath and other counties of Kentucky, which it on that date sold and assigned to Guffey and Galey, Pennsylvania oil men, for a certain consideration based upon a test of production, and then paid, and an additional consideration expressed in the following clause of the written contract between the parties, viz.: "The second parties covenant to render and deliver to the first party, in its crude state, delivered in tanks or pipe lines in the vicinity of the wells an equal one-sixteenth of all the oil produced and saved after this date from any of said leaseholds this day assigned, after deducting the royalty to be rendered to the lessor. The said second parties shall, until the first party elects to take and dispose of its oil, sell the oil of the first party with their oil and account for and pay to the said first party quarterly for the oil so sold in the crude state at the wells during the preceding three months; the minimum price to be not less than twenty cents per barrel." The New Domain Oil & Gas Com-

pany subsequently became assignee of the rights of
Guffey and Galey under the contract in question.
In January, 1906, the board of supervisors of Bath
county assessed for taxation as of September 1, 1905,
in the name of appellant as owner, its interest in the
Bath county oil leaseholds reserved in the assign-
ment to Guffey and Galey, styling it upon the
assessor's book, "Present value of annuities and
royalties," and fixed the value thereof at $20,000, the
tax upon which went into the hands of appellee as
sheriff of Bath county for collection. The payment
of this tax was demanded by the sheriff of appellant,
who refused to pay it, and immediately thereafter it
brought this action in the Bath circuit court against
that officer to enjoin its collection. The petition
rests appellant's claim to the relief asked on two
grounds: (1) That a right to receive one-sixteenth
of the oil produced from a well, the owner of the
right having parted with his leasehold and not being
engaged in the production of the oil, is an intangible
personal asset, the situs whereof for taxation fol-
lows the domicile of the owner; (2) that the assess-
ment by the board of supervisors, having been made
without notice to appellant, is void.

The first contention is manifestly unsound.
Whether the right reserved to appellant by the lease
contract to one-sixteenth of the oil produced by its
assignee be called personal property, a chattel real,
incorporeal hereditament, or privilege, it is property
and as such subject to taxation, under section 4039,
Ky. Stats. 1903, which provides: "That it shall be
the duty of all persons owning any real or personal
property, mineral rights or standing (branded) trees
of any kind whatever on the lands of another, or
any coal oil or gas privileges by leases or otherwise,

or any interest therein, in this State, other than the
county in which the said owners reside, or if they
should reside out of the State, to list the property for
taxation, personally or by an authorized agent, in the
county where situated, at the same time and in the
same manner as is now required by law of resident
owners, or to file a descriptive list of the same be-
tween the 15th day of September, and the 15th day
of October in each year, with the county court clerk
of the county where said property is located, fixing a
fair cash value of the same, and giving the nearest
resident thereto, and the number of the magisterial
district in which same is located. Whoever shall wil-
fully fail or refuse to comply with the provisions of
this act shall be fined not exceedng $50.00 to be recov-
ered by an indictment in the county in which the
same is situated; provided, that no fine shall be
assessed when the property is assessed and taxes
paid by the owner or his agent. That all actions and
prosecutions now pending, in which judgment of con-
viction has not been rendered, shall proceed under
the provisions of this act." By the use of the words
"any coal oil or gas privileges by lease or otherwise,
or any interest therein," the Legislature intended to
make just such an interest or privilege as appellant
owns in the oil produced, or a right to a part of what
may be produced by its assigns, property, and to tax
it as such in the county where it is situated, the privi-
lege exercised, or the benefit received, though the
owner be a nonresident of the county or of the State.
Commonwealth, by etc., v. R. G. Dun & Co., 126 Ky.
108, 102 S. W. 859, 31 Ky. Law Rep. 561.

Appellant's second contention presents a more
serious obstacle to the right of the sheriff to proceed

with the collection of the tax assessed against it.   It is admitted that no notice of the assessment was given appellant, but insisted for appellees that none was required because the assessment was an original one.   In other words, appellee contends that the statutory requirement as to the giving of notice to the owner of the property sought to be taxed has no application to an original assessment made by the board of supervisors, but does apply to an increase made by it in the valuation of property previously assessed.   The language of the statute does not sustain appellee's view of the law.   While the board of supervisors seem to be empowered to assess all property that may have escaped the notice of the assessor, even though the name of the owner be undiscovered, it is without authority either to assess or increase an assessment of property without notice to the taxpayer, for we find that section 4122 of the statute, which defines the powers of the board, provides: "The sheriff shall notify all such taxpayers whose lists have been increased or assessed by the board, and also notify them of the time to which the board adjourned.   Notice to non-residents or infants shall be to their attorney or agent or guardian; if none in the county, by posting in some conspicuous place on the premises.   The sheriff shall be allowed a reasonable compensation for his services to be paid out of the county levy."   The succeeding section, 4123, provides for the re-assembling by the board to hear the complaints of persons whose property it may have assessed or increased, and indicates the manner in which such complaints shall be disposed of. We fail to see that section 4122, in its requirement as to the notice to be given the taxpayer, makes any distinction between an orginal assessment and an

increase of assessment.  In either case, the purpose
of the notice is to give the taxpayer an opportunity
to appear before the board and be heard upon the
proposed assessment or increase.  If entitled, there-
fore, to notice and a hearing on the question of
whether an increase shall be made in the value of
the property listed by him, he is equally entitled to a
hearing on the question of whether property which
he has failed to list shall be assessed at all.  But we
regard this question as having practically been
settled by this court in the case of Negley v. Hender-
son Bridge Company, 107 Ky. 414, 54 S. W. 171, 21
Ky. Law Rep. 1154.  The question presented in that
case was whether an increase in the valuation of the
bridge company's property, which had previously
been assessed, could be made by the board of super-
visors without notice to the company.  The opinion
after commenting upon the provisions of section 4122
of the statute, supra, says: "Under the provisions of
the statute, neither the assessor or board of super-
visors can increase the valuation placed by the tax-
payer upon the property listed by him without notice
to the taxpayer of such increase.  The purpose of
these provisions is to give the taxpayer an oppor-
tunity to appear before the board and be heard upon
the proposed increase.  *  *  *  The increase in
the valuation by the assessor of the property listed
by the plaintiff, without the notice to it required by
the statute, and the failure on his part to report the
change made by him in plaintiff's list to the board of
supervisors, are fatal to the validity of such assess-
ment, and the chancellor properly enjoined the col-
lection of the taxes."  It is true that section 4128
declares that mere informality or irregularity on the
part of the board of supervisors shall not invalidate

an assessment, and that a taxpayer aggrieved by the action of the board may apply to the county judge for redress; but the act of the board here complained of was not a mere informality or irregularity—it was an omission of duty fatal to the attempted assessment. The requirement of the statute as to the giving of the notice to the taxpayer is mandatory, and, in the absence of the notice, the act of the board in assessing appellant's property was and is void; hence, appellant was not required to appeal to the county judge for relief, but had the right to enjoin the collection of the tax illegally imposed.

We would not, however, be understood, as holding that the property in controversy should not have been assessed. It may yet legally be assessed and taxed in accordance with the provisions of the statute for the years appellant has failed to list and pay taxes upon it.

For the reasons given, the judgment of the lower court is reversed, and cause remanded, with directions to perpetuate the injunction as to the tax attempted to be collected by appellant by virtue of the illegal assessment of the board of supervisors.