CASE 85.—ACTION BY JOHN C. WENTZ AND OTHERS
AGAINST M. S. WARD, SHERIFF OF HARLAN
COUNTY TO ENJOIN THE COLLECTION OF TAXES
—AND ACTION BY THE COMMONWEALTH FOR
USE, &C. AGAINST WENTZ AND OTHERS TO HAVE
LANDS ASSESSED AS OMITTED PROPERTY.—
December 1.

## Ward, Sheriff, v. Wentz
## Commonwealth v.Same

Appeal from Harlan Circuit Court.

M. J. Moss, Circuit Judge.

From judgments in favor of Wentz and others the
other parties appeal—Affirmed.

1.  Taxation—Enjoined Collection—Notice of Raise—Evidence.—
    Where the owner of land, in a suit to enjoin collection of
    taxes based on a raise of the assessment by the board of
    supervisors without proper notice, exhibits the notice actually
    served, which does not comply with Ky. St. 1903, section
    4122, he overcomes the presumption that proper notice was
    given, and defendant must overcome the presumption that
    this was the only notice given by showing that one was given
    by posting on the land, as required by statute.
2.  Assessments — Raise by Supervisors—Notice. — Notice of 'a
    raise in an assessment by the board of supervisors given, as
    required by Ky. St. 1903, section 4122, in case of nonresi-
    dents having no agent or attorney in the State, by posting
    in a conspicuous place on the premises, is necessary to give
    the supervisors jurisdiction.
3.  Raise in Assessment—Failure to Give Notice—Knowledge by.
    owner.—The knowledge of the landowner's agent that an
    assessment had been raised by the board of. supervisors did
    not dispense with the notice required by the statute to give
    them jurisdiction. Only his actual appearance before them
    vol 130—23

to secure a reduction would have done this.

4. Assessment—Listing Property.—An assessment of land by the assessor is not invalid because the owner's agent did not comply with the statute in listing the land.

5. Assessment—Omitted Property.—One's land cannot be assessed as omitted property, there having been a valid assessment of all of it for the same year.

H. C. CLAY and J. B. CARTER for appellant.

### AUTHORITIES.

1. Petition defective, description.  (Chambers v. Adair, 62 S. W., 1128; Acts of 1906, p. 101, sec. 16.)

2. Does not show equity.  (Bell's Trustee v. City of Lexington, 85 S. W., 1081; City of Louisville v. Board of Trade, 90 Ky., 409.)

3. Allegations as to notice.  (Acts 1906, p. 150.)

SAMPSON & SAMPSON for appellees.

BULLITT & KELLEY of counsel.

### POINTS AND AUTHORITIES.

1. The action of the board of supervisors in raising the valuation of appellee's property was without notice or entry of appearance on the part of appellees and was void.  (Mt. Sterling Oil & Gas Co. v. Ratliff, 104 S. W., 993; Bell's Trustee v. Lexington, 85 S. W., 1081; Negley v. Henderson Bridge Co., 21 Ky. Law Rep., 1154; Wood v. Wood, 1 Ky. Law Rep., 358.)

2. The petition is good and sufficient to uphold the judgment and can not now be objected to.  (Ford, Eaton & Co. v. Harris, 19 Ky. Law Rep., 1236; Chamber v. Adair, 23 Ky. Law Rep., 373; Louisville v. Louisville Board of Trade, 12 Ky. Law Rep., 349, &c.) Davis, Moody & Co. v. Wiley, 3 Ky. Law Rep., 316.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

These two cases are so related that the decision of one involves the decision of the other, and they will therefore be considered together.  John S. and Mary D. Wentz, who are residents of Philadelphia,

Pa., are the owners of a large boundary of land consisting of 12,893 acres, located in Harlan county, Ky. This land was assessed by the assessor of Harlan county in the year of 1906 for taxation purposes for the year 1907 at $64,465. The assessment was evidently based upon a letter written to the county clerk by C. F. Blanton, agent of John S. and Mary D. Wentz, wherein he described the lands as "lands owned by John S. and Mary D. Wentz in Harlan county, Kentucky, lying on Loonies Ridge and Big Black Mountain, and the head waters of Lewis', Big Looney, and Clover Lick creeks, waters of the Poor fork or Cumberland river." This letter was mailed to the county clerk of Harlan county on October 20, 1906. In the assessment made by the county assessor of Harlan county the lands were described as 12,893 acres, situated on Loonies Ridge, in election precinct No. 4, valuation of each tract with the improvements $64,465. Thereafter the board of supervisors for Harlan county raised the assessment from $64,465 to $167,609. Following is the supervisors' notice of the raise in the assessment of the property, together with the sheriff's return thereon:

"Supervisors' Notice.

"John S. and Mary D. Wentz, you are hereby notified that the board of supervisors of Harlan county have raised your property from $64,465.00 to $167,-609.00, and will reconvene at the courthouse in Mt. Pleasant, Harlan county, Kentucky, on January, the 21, 22 and 23 to hear any proof you may have to offer.

> [Signed] S. J. C. Howard, Supervisor.
> "Sherman Blanton, Supervisor.
> "Wilson Howard, Supervisor.

"H. C. Lewis, Supervisor.

"Asher Skidmore, Supervisor.

"The Return.

"Executed by sending J. F. Bullitt, agent for John S. and Mary D. Wentz a true copy of this summons, this January 18th, 1907.

"[Signed] M. G. Ward, S. H. C."

About January 22, 1907, C. F. Blanton, the agent of John S. and Mary D. Wentz, was in Mt. Pleasant, Harlan county, Ky.. The board of supervisors was then in session. Blanton admits that at that time he knew the raise had been made, but he did not appear before the board to get a reduction. The Wentzes, through their agent, C. F. Blanton, tendered to the sheriff the amount of taxes based on the assessment made by the county assessor, but he declined to receive the same. The action of M. G. Ward. Sheriff of Harlan County v. John S. Wentz, etc., is one wherein appellees seek to enjoin the collection of any taxes on the 12,893 acres of land based upon the valuation of the property in excess of the sum of $64,465; it being the contention of appellees that the raise from that sum to the sum of $167,609 was made by the board of supervisors without the notice to appellees, or their agent, required by the statute. In that action judgment was rendered in favor of appellees. and the sheriff of Harlan county appeals. After judgment in the above case the sheriff of Harlan county instituted an action against appellees for the purpose of having listed for taxation the 12,893 acres of land for the year 1907, on the ground that it was omitted property. Judgment was rendered against the Wentzes in the county court, and on appeal to the circuit court judgment was rendered in

their favor, and the Commonwealth, by M. G. Ward, sheriff, appeals.

The statute (section 4122, Ky. St. 1903) requires that the notice of a raise in the assessment by the board of supervisors in case of nonresidents who have no agent or attorney in the State shall be made by posting the same in some conspicuous place on the premises. While it is true that in an action to enjoin the collection of taxes based on a raise made by the board of supervisors without proper notice it is incumbent upon the party seeking the injunction to prove the absence of the notice required by the statute on the idea that the presumption is in favor of the validity of the board's action (Bell's Trustee v. City of Lexington, 120 Ky. 199, 27 Ky. Law Rep. 591, 85 S. W. 1081), yet we are of opinion that where the owner exhibits the notice that was actually served, and this notice did not comply with the statute, this fact was sufficient to overcome the presumption that proper notice was given, and it was then incumbent upon the sheriff to rebut the presumption that this was the only notice given by showing that a notice was actually posted on the premises. This the sheriff failed to do. We therefore conclude that appellees' proof of want of notice was sufficient. But it is contended by counsel for appellant that Blanton, the agent of the Wentzes, admitted that he knew the raise had been made by the board of supervisors, and that this actual notice took the place of that required by the statute. In 2 Cooley on Taxation, p. 484, the rule in regard to notice of an assessment where notice is required, or in regard to increase of assessment, is thus stated: "So all provisions designed to give him the opportunity of a review of the assessment, whether by the

assessors themselves or on appeal, from their conclusions, are exclusively in his interest. Every notice which the statute provides for that end, whether by publication or otherwise, must be given with scrupulous observance of all its requisites. The notice cannot be shortened a single day without rendering it ineffectual; the presumption being that the law has made it as short as was deemed consistent with due protection. A published notice cannot be received as the substitute for a notice to be personally delivered to the party concerned; and, where the notice is to be given personally and also by publication, a failure in either is fatal." The same authority, on page 626 of volume 1, further says: "Upon this subject there is a general concurrence of authorities in the affirmative. It is a fundamental rule that in judicial or quasi judicial proceedings affecting the rights of the citizen he shall have notice, and be given an opportunity to be heard before any judgment, decree, order, or demand shall be given and established against him. Tax proceedings are not in the strict sense judicial, but they are quasi judicial, and, as they have the effect of a judgment, the reasons which require notice of judicial proceedings are always present when the conclusive steps are to be taken. Provisions for notice is therefore part of the 'due process of law' which it has been customary to provide for these summary proceedings; and it is not to be lightly assumed that constitutional provisions, carefully framed for the protection of property rights, were intended or could be construed to sanction legislation under which officers might secretly assess the citizen for any amount in their discretion without giving him an opportunity to contest the justice of the assessment." Following the rule above announced, it has

been held that, where personal service is required, proof of giving it is a jurisdictional fact.  Scott v. Brackett, 89 Ind. 413.

In the case of Negley v. Henderson Bridge Co., 107 Ky. 414, 54 S. W. 171, 21 Ky. Law Rep. 746, this court said: "Under these provisions of the statute, neither the assessor nor board of supervisors can increase the valuation placed by the taxpayer upon property listed by him without notice to such taxpayer of such increase. The purpose of these provisions is to give the taxpayer an opportunity to appear before the board, and be heard upon the proposed increase. * * * The increase in the valuation by the assessor of the property listed by the plaintiff, without the notice to it required by the statute, and the failure on his part to report the change made by him in plaintiff's list to the board of supervisors are fatal to the validity of such assessment; and the chancellor properly enjoined the collection of the taxes on the difference between the valuation fixed by the taxpayer and the illegal assessment made by the assessor." In the case of Mt. Sterling Oil & Gas Co. v. Ratliff, Sheriff, 127 Ky. 1, 104 S. W. 993, 31 Ky. L. R. 1229, this court in approving the rule above announced used the following language: "The requirement of the statute as to the giving the notice to the taxpayer is mandatory, and, in the absence of the notice, the act of the board in assessing appellant's property was and is void. Hence appellant was not required to appeal to the county judge for relief, but had the right to enjoin the collection of the tax illegally imposed." Under our statute the board of supervisors is given large powers and a wide discretion. Where its procedure is in conformity to the statute, its action is conclu-

sive. In view of the large powers given, it should therefore proceed in strict conformity to the statute. The notice therein required is a jurisdictional fact, and, unless it be given, the board of supervisors has no power to act. Although appellees' agent knew the assessment had been raised, he did not appear before the board for the purpose of having it reduced. Such knowledge on his part did not dispense with the necessary notice required by the statute. If, however, he had actually appeared before the board of supervisors for the purpose of securing a reduction, this would have dispensed with the necessity for notice, as the entry of an appearance by a party to an action dispenses with the necessity for the service or process.

The next question to be considered is whether or not the assessment made by the assessor in the first instance, wherein the assessment was fixed at $64,465, was valid; and whether or not the land in question could be again assessed as omitted property. While it is true that the letter of the agent Blanton did not comply strictly with the provisions of the statute, we do not think this had the effect of rendering the assessment invalid. Under our statute the assessor has the power to obtain information from other sources, and to make an assessment without reference to the list given in by the taxpayer. When the assessment is made by the assessor, the owner cannot attack the assessment, nor can the taxing power repudiate it. If, as contended by counsel for appellant, the assessment is invalid because appellees' agent did not comply with the statute in listing the land, this would open the door for the escape of taxation by all those who failed to comply with the statute. If there was a valid assessment made by

the assessor of the lands in question, it necessarily follows that no power lies in the Commonwealth to assess it as omitted property. It is not contended that the property sought to be assessed as omitted property in the action of Commonwealth, by, etc., v. John S. Wentz, etc., is different from that which was actually assessed by the assessor of Harlan county. The facts of this case are different from those developed in the case of Bell's Trustee v. City of Lexington, 120 Ky. 199, 85 S. W. 1081, 27 Ky. Law Rep. 591. In that case the bonds, notes, mortgages, etc., were simply listed in a lump sum. They were not exhibited to the assessor and he could not have made any valuation of them himself. It could not be determined from that assessment whether all of the notes, mortgages, etc., were assessed or not, or whether they were assessed at their fair cash value. In that case the court held that the rule was that, when one comes into equity asking relief from taxation, it is incumbent on him to show clearly that he has paid, or is willing to pay, all that he justly owes toward the public burden; that he must make a full, fair, and complete disclosure of the property he has, subject to taxation, so that the court may determine whether or not he is unjustly taxed. The records in these cases show that the land sought to be taxed as omitted property is the same land which the assessor of Harlan county had previously assessed. It is not contended that the Wentzes owned other or additional land. That being the case, the land in question could not be assessed again unless the assessment made by the assessor of Harlan county was void. As the assessment made by the assessor in the first instance was valid, the circuit

court properly held that the same land could not be again assessed as omitted property.

For the reasons given, the judgments of the trial court in both actions are affirmed.