## Sackett v. Creech, et al.

(Decided March 16, 1911.)

### Appeal from Harlan Circuit Court.

Appeals—Trespass to Land—Injunction—Title not Involved—Jurisdiction—Recovery.—Section 950, Ky. Stats., provides that no appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property if the value in contro-

versy be less than $200.00. In cases where the only purpose sought is an injunction this court has jurisdiction. Held in an action for trespass where the plaintiff seeks to recover $179.20, the value of timber cut from land in which an injunction was obtained, the title to the land not being involved, this court has no jurisdiction of an appeal from the judgment of the lower court.

CLEON K. CALVERT for appellant.

J. G. and J. S. FORESTER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Dismissing.

W. C. Creech cut some poplar timber on a tract of land in Harlan county, Kentucky, and Daniel B. Creech sued him for trespass and recovered a judgment for $179.20. Execution was issued on the judgment and W. C. Creech replevied it with E. T. Creech as his surety, on December 22, 1909. Just before the replevying bond came due, this action was brought by F. M. Sackett, appellant, against Daniel B. Creech, W. C. Creech, E. T. Creech, J. S. Kelly, sheriff, and M. W. Howard, circuit court clerk. Sackett alleged that the land from which W. C. Creech cut the timber belonged to him; that both of the Creeches were insolvent, and asked to be allowed to recover the $179.20 in this action. He enjoined the circuit court clerk from issuing an execution on the replevying bond, enjoined the sheriff from collecting it, enjoined W. E. Creech and E. T. Creech from paying it and enjoined Daniel B. Creech from taking any steps to collect it. The circuit court clerk issued the restraining order but on motion before the circuit court it refused to extend the restraining order or issue an injunction and sustained a general demurrer to the petition, and Sackett appeals.

The first question presented is: Has this court jurisdiction of the appeal? Appellant asks to be allowed to recover the $179; the title to the land is not involved; the injunction asked for and the restraining order issued were only in aid of, or ancillary to the action to recover the $179.20. Section 950 of the statutes provides that no appeal shall be taken to the Court of Appeals from a judgment for a recovery of money or personal property, if the value in controversy be less than $200, exclusive of interest and cost. The matter sought to be recovered in this action is money, the amount of which is less than $200. In cases where the only purpose sought is an in-

junction, this court has jurisdiction.  In the case of Ex Parte Herrick, 78 Ky., 24, this court said:

"No judgment for money or personal property being sought, and there being no provision of the statute forbidding the appeal, it follows that it should be entertained."

The main purpose of obtaining the injunction in the case at bar, however, was to enable appellant to obtain the $179.20. Therefore section 950, above referred to, applies.  See also the cases of Bourne, et al. v. Beck, et al., 22 Ky. Law Rep., 792, and Shackelford, Clerk v. Phillips, 24 Ky. Law Rep., 154; 112 Ky., 563.

For these reasons the appeal is dismissed.