## Day, et al. v. Bauer, et al.

(Decided June 25, 1926.)

### Appeal from Bracken Circuit Court.

1. Criminal Law.—Under Ky. Stats., section 1090, conviction for possession of intoxicating liquors before magistrate out of his district was not void, where there was vacancy in district wherein crime was committed, and he was the nearest magistrate.

2.   Criminal Law.—Judgment of $100.00 fine on conviction for pos-
     session of intoxicating liquors, although error because of not also
     fixing imprisonment, was not prejudicial to defendant, and error
     did not invalidate judgment.                ·

3.   Appeal and Error.—Although ordinarily Court of Appeals, under
     Ky. Stats., section 950, has no jurisdiction, where amount in con-
     troversy is less than $200.00, appeal may be taken without regard
     to amount, where only purpose of action is to obtain injunctive
     order.                                   ·

4.   Appeal and Error.—Court of Appeals has jurisdiction of appeal
     in proceeding involving right to stay enforcement of execution by
     injunction, although amount involved was less than $200.00.

CLYDE R. BARKER for appellants.

B. S. GRANNIS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-
ing.

On petition a temporary restraining order was is-
sued by the clerk of the Bracken circuit court against
Evrett Moore, sheriff of that county, restraining him
from proceeding against appellants, Day and Doyle,
principal and surety respectively in a replevin bond for
$100.00, executed by them in the case of Commonwealth
v. Hugh Day, tried in the court of Fred W. Bauer, justice
of the peace, in Mason county in August, 1924. On hear-
ing the circuit court set aside the restraining order and
adjudged "the defendant will recover of the plaintiff his
cost herein expended." From that judgment this appeal
is prosecuted by Day and Doyle. Appellant, Day, a resi-
dent of Bracken county, attended the fair in German-
town, Mason county, Kentucky, and while there was
arrested and charged with the unlawful possession of in-
taxicating liquors. He was arraigned and convicted be-
fore Fred W. Bauer, justice of the peace of Mason
county, fined $100.00 and allowed to replevy. He did
so by executing a replevin bond with Doyle as surety.
Execution was issued upon the bond after it became due,
and this suit was commenced by Day and Doyle against
Bauer, justice of the peace, and Everett Moore, sheriff
of Bracken county, to restrain them from enforcing the
collection of the execution, which amounted to $119.80,
on the grounds that the judgment is void (1) because
entered as a result of a trial held by the magistrate out
of his district, and (2) because it was not in accordance
with the statutes denouncing the unlawful possession

of intoxicating liquors, fixing a fine at not less than $100.00 and by imprisonment in the county jail not less than thirty (30) days.

There is no merit in either of these contentions. True Magistrate Bauer resided in and was magistrate for a district different from that in which Germantown is situated, but there was a vacancy in the office of the justice of the peace for the district in which Germantown is located, and such vacancy had existed for a long time next before the trial of Day. In such situation the nearest justice may act in the district where the vacancy exists. The petition alleges that appellee, Bauer, was the nearest magistrate. By section 1090, Kentucky Statutes, it is provided:

"If a justice shall vacate his office, the nearest justice to his residence may act, as is provided in this section, until the vacancy is filled. The successor of a justice may act on the judgments and records of his predecessor in the same manner that the latter could do were he still in office."

This section has been construed in Wheeler v. Schulman, 165 Ky. 185, as authorizing a magistrate to hold court in another district when a vacancy exists in the office of the justice of the peace in the district to which he is called, and such judgments are valid, but that he cannot set up and hold a regular court outside of his district except in the manner provided by this section. The judgment was not, therefore, void because entered by Magistrate Bauer outside of his district but in a district in which there was a vacancy in the office of magistrate.

Neither is appellant in a position to complain that the punishment inflicted upon him was less than the law allows in cases like that preferred against him. It was the duty of the magistrate to both fine and imprison him if found guilty, but a fine only was imposed. This was error but not prejudicial to appellant and it did not invalidate the judgment. 16 C. J. 1311; Stamper v. Commonwealth, 102 Ky. 33.

As the amount in controversy is less than $200.00, this court *ordinarily* has no jurisdiction under section 950, Kentucky Statutes, but we have held in numerous cases that where the only purpose of the action is the obtention of an injunctive order, an appeal may be prosecuted to this court without regard to the amount involved.

Sackett v. Creech, 142 Ky. 790. Where, however, the bone of contention is money or property of less value than $200.00, this court cannot entertain an appeal. Even where the main purpose in obtaining an injunction is to obtain money or personal property of less value than $200.00, or the principal bone of contention is money or property of less value than $200.00, this court cannot entertain an appeal. Even where the main purpose in obtaining an injunction is to obtain money or personal property of less value than $200.00, an appeal will not lie. Bourne v. Beck, &c., 22 Ky. Law Rep. 792; Bramlett, &c. v. McVey, 91 Ky. 151; C. P. B. S. & P. Packet Company v. Malone & Co., 29 R. 44. The principal thing here involved is the right to stay the enforcement of the execution by injunction. This court, therefore, has jurisdiction upon appeal, and for that reason the appeal cannot be dismissed. But as there is no merit in either of appellant's claims to reversal of the judgment, it is denied.

Judgment affirmed.