## FORDSON COAL CO. v. MAGGARD, Sheriff.

Circuit Court of Appeals, Sixth Circuit. December 12, 1927.

No. 4852.

1. **Taxation** ⊜⟹482(4)—Assessment by county tax commissioner will not be invalidated for lack of formal notice that valuation exceeded that of taxpayer, where taxpayer protested commissioner's action (Ky. St. § 4053).

Where taxpayer appears before county board of supervisors and protests against valuation of county tax commissioner, assessment made by commissioner will not be invalidated because formal notice was not given taxpayer, as required by Ky. St. § 4053, that value fixed was greater than that fixed by taxpayer.

2. **Taxation** ⊜⟹490—County tax commissioner's valuation, not changed by board of supervisors, stands as assessment (Ky. St. §§ 4053, 4120).

Under Ky. St. §§ 4053, 4120, it is the duty of the county tax commissioner to fix value of taxpayers' property, and, if board of supervisors does not change values so fixed, commissioner's action as to such values stands as the assessment.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by the Fordson Coal Company against W. J. Maggard, as Sheriff of Leslie County, Kentucky, to restrain the collection of a tax. From a decree adverse to the plaintiff, it appeals. Affirmed.

Cleon K. Calvert, of Pineville, Ky. (J. G. Bruce, of Pineville Ky., W. R. Middleton, and Clifford B. Longley, both of Detroit, Mich., on the brief), for appellants.

Before DENISON and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

MOORMAN, Circuit Judge. Appellant listed in Leslie county, Ky., for taxation, 50 tracts of land, aggregating more than 60,000 acres, at $12 an acre, and 6 tracts of mineral

rights, aggregating more than 900 acres, at $6 an acre. The county tax commissioner valued the 60,000 acres at $15 an acre, and the 900 acres at $7 an acre. An agent for appellant appeared before the county board of supervisors, at its first meeting, and protested against these values fixed by the commissioner. The board, at its second meeting, for which the statute provides, increased the valuation of the 60,000 acres from $15 to $16 an acre. It did not change the valuation of the 900 acres. Notice of the $1 increase made by the board was posted on only one of the tracts to which it was intended to apply. The lower court held that the increase was valid as to that tract, but was invalid as to the others. See (C. C. A.) 2 F.(2d) 708. It also held that $15 an acre for the other tracts constituting the 60,000 acres and $7 an acre for the 900 acres of mineral rights were the assessed values of those properties. This latter ruling, of which appellant complains, was based on the ground that the action of the tax commissioner was an assessment, and that appellant either had or waived the notice required by section 4053, Kentucky Statutes.

[1] Respecting the notice, we observe that section 4053 of the Statutes declares that, "if the value fixed by the assessor [the tax commissioner has the same authority as the assessor had under the old statute] be greater than that fixed by the taxpayer, it shall be the duty of the assessor to notify the taxpayer, at the time of the assessment, the amount of such increase, and of the time and place of the meeting of the board of supervisors." The purpose of this notice, as has been held by the courts of Kentucky, is to give the taxpayer an opportunity to appear before the board and protest the action of the commissioner. If the taxpayer does in fact appear and protest, the assessment made by the commissioner ought not to be invalidated because formal notice was not given; and as an agent of appellant protested in this instance, there is no doubt, we think, that the action of the commissioner is to be given the same effect as if statutory notice thereof had been given.

[2] The remaining question is: What is the authority of the commissioner under the statutes? Appellant contends that he cannot assess property; that only the taxpayer and the board of supervisors can do that. Section 4053 provides that the tax commissioner "shall fix the value upon all the estate listed with him for taxation at its fair cash value, * * * and enter the same in his tax book"; that in arriving at what is the fair cash value he shall consider what he knows about the property, the statement of the person listing it, and "such other evidence as he may be able to obtain upon oath of witnesses sworn by him." In section 4120, which deals with the duties of the board of supervisors, it is said that the board may "reduce or raise any assessment" appearing upon the assessor's books, but shall not do so unless "the evidence is clear and unmistakable that the valuation is not a fair cash value"; that where the property "has not been correctly valued they [the board] shall fix the value thereof, and correct the assessor's books so as to show the true value." After the board has done this, and notice has been given to the taxpayers whose lists have been increased or assessed ("assessed" evidently refers to omitted property), the board must hold another meeting, at which those who have received such notices may appear and protest against the proposed increases.

As we interpret these statutes, it is the duty of the commissioner to "fix the value" of the taxpayers' property, and, if the board of supervisors does not change the values fixed by the commissioner, his action as to those values stands as the assessment. This was assumed to be the result of the commissioner's action by the Court of Appeals of Kentucky in Negley v. Henderson Bridge Co., 107 Ky. 414, 54 S. W. 171, and Ward v. Wentz, 130 Ky. 712, 113 S. W. 892. In the Ward Case it was said: "Under our statute, the assessor has the power to obtain information from other sources, and to make an assessment without reference to the list given in by the taxpayer." It is plain from this language that the action of the commissioner in valuing the 60,000 acres at $15 an acre and the 900 acres at $7 an acre was a binding assessment in so far as it was not changed by the board of supervisors.

The plaintiff's bill prayed an injunction against collection of the tax increases. The decree below, denying the injunction, except as stated, is affirmed.