## Newton v. Citizens' Bank of Shelbyville.

(Decided Dec. 15, 1933.)

J. S. LUSCHER for appellant.

TODD & BEARD and H. B. KINSOLVING, Jr., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Overruling motion.

The appellant, Bailey W. Newton, who was the plaintiff below, instituted this action against Citizens' Bank of Shelbyville to recover six canceled checks. He alleged in his petition that he executed and delivered certain bank checks to the payees therein named wherein the defendant, Citizens' Bank of Shelbyville, was named drawee, and that these checks, upon their presentation by the payees or their indorsers, were paid and canceled by the bank and the amounts thereof were charged to the account of the plaintiff. Plaintiff was a depositor of the defendant bank. Five of the checks were payable to third parties and the total amount for which they were drawn was $195.75. The sixth check was a counter check dated May 7, 1932, was for cash, and the amount for which it was drawn was $17.29. Plaintiff further alleged in his petition that the checks were of great and inestimable value to him and that he would suffer irreparable damage unless he was awarded possession of them.

The circuit court sustained a demurrer to the petition and entered a judgment dismissing it. The plaintiff has entered a motion in this court for an appeal.

This court is without jurisdiction to grant an appeal, since the amount in controversy is clearly less than $200. Section 950-1 et seq., Kentucky Statutes. A canceled check ordinarily has no pecuniary value. It is merely useful as written evidence of payment of a debt. Appellant insists, however, that the relief sought is entirely injunctive; that in injunction proceedings it is not necessary that the amount involved be as much as $200 in order to give this court jurisdiction. He cites and relies upon Shackelford, Clerk, v. Phillips, 112 Ky. 563, 66 S. W. 419, 68 S. W. 441, 24 Ky. Law Rep. 154; Kentucky River Hardwood Company v. Noble, 168 Ky. 773, 182 S. W. 941; and Day v. Bauer, 215 Ky. 335, 285 S. W. 207. In each of the last two cited cases the action was brought to prevent the levy and collection of an execution, and in the first-cited case the judgment appealed from enjoined a sale under distress by virtue of a fee bill. In each of those cases it was held, and properly so, that the judgment was not one for the recovery of money or personal property within the meaning of

the statute. In the Day Case it was said: "where the only purpose of the action is the obtention of an injunctive order, an appeal may be prosecuted to this court without regard to the amount involved. Sackett v. Creech, 142 Ky. 790, 135 S. W. 273. Where, however, the bone of contention is money or property of less value than $200, this court cannot entertain an appeal. Even where the main purpose in obtaining an injunction is to obtain money or personal property of less value than $200, or the principal bone of contention is money or property of less value than $200, this court cannot entertain an appeal."

Section 950-1 et seq. of the Statutes prohibits appeals in certain specific cases and allows them in all other cases. One of the prohibitions is that no appeal shall be taken to the Court of Appeals as a matter of right from a judgment for the recovery of money or personal property, or any interest therein, if the value in controversy be less than $500, and no motion for an appeal can be entertained if the amount in controversy is less than $200. The statute does not prohibit an appeal in a case where the only remedy sought or obtained is an injunction. Hieatt v. Settle, 176 Ky. 160, 195 S. W. 420; Thompson Straight Whiskey Co. v. Commonwealth, 157 Ky. 393, 163 S. W. 201.

In the instant case the injunctive relief sought was only incidental. The main relief sought was the possession of canceled checks which, appellant claims, are personal property of value.

It follows that this court is without jurisdiction, and the motion for an appeal is overruled.