# Burnside Supply Co. v. Burnside Graded Common School et al.

(Decided Sept. 27, 1935.)

W. N. FLIPPIN for appellant.
V. P. SMITH for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The appellant brought this suit in the Pulaski circuit court as W. E. Singleton, doing business under the name and style of the Burnside Supply Company, whereby he sought to enjoin the collection of that part

of the Burnside graded common school district tax for the year 1931 which represented the amount based upon the raise in his assessment alleged made by the county board of supervisors without service of notice upon him of its proposed action.

From a judgment denying the relief prayed for and dismissing his petition, this appeal is prosecuted.

The plaintiff alleged that he was at all the times referred to a resident of and the owner of and conducting in the Burnside common graded school district in Pulaski county, Ky., a general store under the firm name and style of the Burnside Supply Company; that he was the owner also of a house and lot there, and all of which he listed with the assessor at a fair valuation of $1,350, which was later by the state board of equalization raised $105. Further he alleged that the county board of supervisors did thereafter, without notice given him, increase the amount of his given assessment valuation of his property to $3,787.50; that thereafter the school board, adopting such alleged invalid raise of the amount of his assessment, fixed his school district tax for the year 1931, based thereon at the rate of $1.25 per $100, at the sum of $47.35, or $29.16 more than the amount of school tax justly owing by him of $18.19, as computed upon the assessment of his property as listed by him, or before the same was improperly raised in its amount without notice given him by the board.

Claiming that the defendants are now threatening to enforce the collection of both the valid and the invalid parts of this tax against his property, he seeks to enjoin them from so doing, contending that the $29.16 part thereof is based on the unlawful raise of $2,292 made by the county board in his assessment, in that it was made by it without the board's serving him with notice of its intended action.

Section 4122, Kentucky Statutes, requiring that notice be given the taxpayer before raising the assessment valuation list given by him of his property, provides:

"The sheriff shall notify all taxpayers whose property has been raised or assessed by the board of supervisors. In the case of persons residing in the county, service of notice shall be had by handing a copy of the notice to such persons, or if such person

be temporarily absent from the county or cannot be found in the county, by delivering a copy of the notice to some person over sixteen years of age at the residence of such person, or by posting a copy of the notice on the front door of the residence of such person.''

In attempted compliance with this specific requirement of the statute for service of notice upon the taxpayer of the board's action or intended action in raising the valuation put by the taxpayer upon his property in giving his assessment list, a supervisors' notice was put in the hands of the sheriff for service upon the appellant, W. E. Singleton, advising him of the raise made in his assessment, which was served by the sheriff upon his wife, or agent, at appellant's store.

Section 4122, quoted supra, does not provide for or permit such notice to be served upon the agent of a resident taxpayer then in the county, but in such case mandatorily requires that it be served by handing the taxpayer a copy of the notice, or, if he be temporarily absent from the county, or cannot be found in the county, by delivering a copy of the notice to some person over sixteen years of age at the residence of such person or by posting a copy of the notice on the front door of his residence. It is not claimed by the appellees that any effort was made by the sheriff in his manner of serving the notice upon appellant's wife, at his store, to comply with these mandatory provisions of the statute, specifically designating the mode and manner in which service of notice of a raise in his assessment is to be made upon a resident taxpayer. The sheriff, when called as a witness to show what were the facts as to his service of the notice, returned as made upon Singleton, testified that, not finding him, the appellant, in his place of business, he had served the notice upon his wife by leaving with her a copy without inquiring if the appellant was then in the county, or, if absent therefrom, by then serving the notice at appellant's home in the manner as by the statute directed.

We are clearly of the opinion that under the facts here disclosed by the record there was thus effected no lawful service of the notice upon the defendant taxpayer, who (it is testified) was, at the time of its improper service made upon his wife, in charge at the

store as his agent, himself absent therefrom, though yet in the county, either at his residence there in Burnside or else confined at the hospital due to illness.

In the case of Kentucky National Park Ass'n v. Reed, Sheriff, 250 Ky. 526, 63 S. W. (2d) 614, 615, we said:

"Notice to the taxpayer of the intention to raise, in advance of the raising of the assessment of his property for taxation by the county board of supervisors, is essential and required to give validity to its act. In the absence of notice to him in the manner and form provided by section 4122, the increase in the assessment is invalid and unenforceable. Mt. Sterling O. & G. Co. v. Ratliff, 127 Ky. 1, 104 S. W. 993, 31 Ky. Law Rep. 1229; Durbin v. Ohio Valley Tie Co., 151 Ky. 74, 151 S. W. 12; Ward v. Wentz, 130 Ky. 705, 113 S. W. 892; Ball v. P. V. & K. Coal Co., 235 Ky. 445, 31 S. W. [2d] 707."

Again, in Ward v. Wentz, supra, we quoted with approval this rule as stated in 2 Cooley on Taxation, p. 484, in regard to notice of an assessment where notice is required, or in regard to the giving of notice where making an increase in assessment, which is as follows:

"So all provisions designed to give him [the taxpayer] the opportunity of a review of the assessment, whether by the assessors themselves or on appeal from their conclusions, are exclusively in his interest. Every notice which the statute provides for that end, whether by publication or otherwise, must be given with scrupulous observance of all its requisites."

And again, on page 626 of volume 1, the same authority further says:

"Upon this subject there is a general concurrence of authorities in the affirmative. It is a fundamental rule that in judicial or quasi judicial proceedings affecting the rights of the citizen he shall have notice, and be given an opportunity to be heard before any judgment, decree, order, or demand shall be given and established against him. Tax proceedings are not in the strict sense judicial, but they are quasi judicial, and, as they have the effect of a judgment, the reasons which require

notice of judicial proceedings are always present when the conclusive steps are to be taken. Provision for notice is therefore part of the 'due process of law' which it has been customary to provide for these summary proceedings; and it is not to be lightly assumed that constitutional provisions, carefully framed for the protection of property rights, were intended or could be construed to sanction legislation under which officers might secretly assess the citzen for any amount in their discretion without giving him an opportunity to contest the justice of the assessment.''

Also in Durbin v. Ohio Valley Tie Co., supra, the rule announced in the Ward Case, supra, was thus re-enunciated with approval:

"Under our statute the board of supervisors is given large powers and a wide discretion. Where its procedure is in conformity to the statute, its action is conclusive. In view of the large powers given, it should therefore proceed in strict conformity to the statute. The notice therein required is a jurisdictional fact, and, unless it is given, the board of supervisors has no power to act. Although appellees' agent knew the assessment had been raised, he did not appear before the board for the purpose of having it reduced. Such knowledge on his part did not dispense with the necessary notice required by the statute. If, however, he had actually appeared before the board of supervisors for the purpose of securing a reduction, this would have dispensed with the necessity for notice, as the entry of an appearance by a party to an action dispenses with the necessity for the service of process.''

The defendants, looking to bringing their claim within the mentioned exception to the general rule as here announced that, if a taxpayer has himself actually appeared before the board, or even perhaps has appeared before it by advocate or agent employed by him, the necessary service of notice is dispensed with, both pleaded and attempted to show that the appellant was here in such way, by agent, represented before the board of supervisors for protesting its announced action in raising his assessment by one Oney Hamilton,

so appearing for him. However, it is clearly shown by the testimony of Mr. Hamilton himself, while testifying as a witness for defendants, that the appellant had not requested or procured him to appear for him before the board to protest the raise. He stated that he was at the time the raise was made and its hearing serving as the county clerk of Pulaski county, and as such served also as the clerk of the board of supervisors, and that Mrs. Singleton (not her husband, the defendant owner and taxpayer) had written him, inclosing the supervisors' notice which had been served upon her, and requested that he bring before the board the matter of its increase made in appellant's property valuation and resist the raise. This, he states, he ineffectually did in compliance with her written request.

There is no evidence in the record that the appellant either himself made any or such request of Hamilton that he represent him before the board, or that he had any knowledge of such request having been made of him by his wife, or any information that any supervisors' notice of the board's raise of appellant's assessment list had been handed her, or of her writing the county clerk, Mr. Hamilton, requesting that he go before the board for her and protest against the raise. Clearly such a showing made by the evidence is not sufficient either to satisfy the statutory requirement for service of notice or to dispense with the required service of notice upon the appellant taxpayer, by his actual appearance before the board in person or by advocate.

Further, it was insisted, by the defendants below, that the circuit court did not have jurisdiction of the case, even if the board's complained of raise in appellant's assessment were invalid, as being one made without service of notice upon appellant, since plaintiff's remedy in such case was by appeal, pursuant to the provisions of section 4128, Kentucky Statutes, to the quarterly court from the board's action and not by injunction in the circuit court.

A most sufficient answer to this, however, was given by the court to a like contention presented in Boske v. Louis Marx & Bros., 161 Ky. 460, 170 S. W. 1175, 1176, as follows:

"The difficulty with this position lies in the fact that plaintiffs never had any notice of the increase

488

in their assessment made by the assessor, or of the fact that such increase would be considered by the board of supervisors. We fail to see, therefore, upon what ground it can be contended that they should have appealed from the action of the board when as a matter of fact they were never notified that such action would be taken. The assessment being void for want of notice, the case is one where relief by way of injunction is proper. Negley v. Henderson Bridge Co., 107 Ky. 414, 54 S. W. 171, 21 Ky. Law Rep. 1154.''

Also see Ward v. Wentz, 130 Ky. 705, 113 S. W. 892; Mt. Sterling O. & G. Co. v. Ratliff, 127 Ky. 1, 104 S. W. 993, 31 Ky. Law Rep. 1229.

Further, the fact that the amount here in controversy is less than $200, in which case the court ordinarily has no jurisdiction under section 950-1 et seq., Ky. Stats. presents no objection to the appeal here taken, for the reason that it is a procedural rule, well settled by numerous cases, that, where the only purpose of the action is the obtention of injunctive relief, an appeal may be prosecuted to this court without regard to the amount involved. Day v. Bauer, 215 Ky. 335, 285 S. W. 207; Sackett v. Creech, 142 Ky. 790, 135 S. W. 273.

The principle involved in the instant case comes within the rule announced, as it seeks the right to stay by injunction the collection of an alleged invalid tax by execution against appellant's property.

We are therefore of the opinion—for the reasons stated—that the court erred in denying the appellant the injunctive relief sought and in dismissing his petition, and its judgment in so doing is reversed and cause remanded, with instructions to enter a judgment in lieu thereof granting appellant the injunctive relief as prayed for.