## Commonwealth ex rel. Reeves, Commissioner of Revenue, et al. v. Elkhorn & Jellico Coal Co.

October 27, 1950.

S. M. Ward, Judge.

A. E. Funk, Attorney General, Hal Williams, Assistant Attorney General, and William T. Wathen, Assistant Attorney General, for appellants.

Stephen Combs, Jr., for appellee.

JUDGE REES—Reversing.

The Elkhorn & Jellico Coal Company, a foreign corporation, listed as of July 1, 1948, for taxes due in 1949 its property located in Letcher County. The properties listed were real estate valued at $24,950 and certain tangible personal property valued at $38,250. On January 3, 1949, a notice of increase of the assessment was sent to the corporation by registered mail. The notice read in part:

"Notice is hereby given you in accordance with section 132.450, Kentucky Revised Statutes, of an increase in your assessment as of July 1, 1943.

"In order that property in the county may be assessed uniformly and at a fair cash value, the following increases have been made in your assessment:

"Real Estate ........ Increased from $24,950 to $50,600.

"Tangible Personalty ...... Increased from $38,-250 to $72,000."

The notice was signed "By State Agent, Tax Commissioner of Letcher County, Ky."

The notice informed the property owner that if it was aggrieved by the increased assessment it could appeal to the County Board of Supervisors, which would convene on the first Monday in February. The property owner did appeal to the County Board of Supervisors, and when it received no relief appealed to the Letcher Circuit Court as permitted by KRS 133.120, prior to the amendment of that section by section 7 of Chapter 2 of the Acts of the 1949 Special Session of the General Assembly. In its petition filed in the Circuit Court on the appeal from the action of the Board of Supervisors, it described the notice of increased assessment mailed to it, and then alleged:

"Finding itself aggrieved by this action it appealed to the Letcher County Board of Supervisors, by letter stating the reasons for appeal, dated January 29, 1949, which letter was delivered to the Board of Supervisors. The Letcher County Board of Supervisors after hearing said appeal declined to take off said increase so made, or any part thereof.

"The plaintiff finding itself aggrieved by the ac-

tion of the Letcher County Board of Supervisors, desires to prosecute this its appeal from said action and for reasons and grounds of appeal states as follows:

"That the proposed increase of its assessment made 'By State Agent' is arbitrary and without authority of law.

"That the action of the Letcher County Board of Supervisors in failing to take off said increase is arbitrary, inequitable and without authority of law."

The Circuit Court, upon consideration of the pleadings, adjudged that the notice of the increased assessment dated Janary 3, 1949, was insufficient to support any increase in the taxpayer's valuation of the property, and fixed the value of the property as of July 1, 1948, for taxation purposes at the value at which it was listed by the taxpayer. The chancellor concluded that the notice of January 3, 1949, was void, and therefore no change in the assessment could be made. Consequently, evidence as to the value of the property as of July 1, 1948, as provided for in section 133.120 of the 1948 Edition of the Kentucky Revised Statutes, was not heard. That section provides that on appeal to the circuit court from the final action of the board of supervisors, the court shall hear the evidence de novo, and fix the value of the property which shall be equitable with assessments determined for other property by the county tax commissioner or the board of supervisors.

On this appeal the appellants, Commonwealth of Kentucky and Letcher County, concede that the notice of the raise in assessment mailed the taxpayer by the Tax Commissioner was wholly inadequate, and if the taxpayer had disregarded that notice the increase in the assessment would have been invalid, but it is argued that the taxpayer waived the insufficiency or invalidity of the notice when it appealed to the Board of Supervisors and that the Board then had jurisdiction and its final action in the matter was binding until an appeal was taken to the Circuit Court. Appellee's argument that an increase in assessment made by the Tax Commissioner on a void notice cannot be considered or validated by the Board of Supervisors, although the taxpayer enters his appearance by appealing to the

Board and asking for relief, is based on the case of Ward v. Wentz, 130 Ky. 705, 113 S.W. 892, 894. There, the Board of Supervisors raised the assessment of the Wentz property made by the County Assessor, but failed to give the taxpayer the notice required by the existing statute on the subject. An agent of the taxpayers, who were nonresidents, knew that the Board of Supervisors had raised the assessment, but he took no action. This court held that the taxpayers could enjoin the collection of any taxes based upon the valuation of the property in excess of the value placed upon it by the County Assessor, since they were not given the required statutory notice of the raise made by the Board of Supervisors, and the knowledge of the taxpayers' agent that the raise had been made did not dispense with the necessary notice. But, in this connection, the court said: "If, however, he had actually appeared before the board of supervisors for the purpose of securing a reduction, this would have dispensed with the necessity for notice, as the entry of an appearance by a party to an action dispenses with the necessity for the service of process."

The purpose of the notice required by the statute is to give the taxpayer an opportunity to be heard. When he appears before the Board for the purpose of contesting the raise in his assessment, there can be no need for the notice prescribed by the statute since the rights of the taxpayer, which the notice was intended to protect, have been preserved. Thomas Forman Co. v. Owsley County Board of Supervisors, 267 Ky. 224, 101 S.W.2d 939; Burnside Supply Co. v. Burnside Graded Common School, 260 Ky. 482, 86 S.W.2d 160; Castle Craig Coal Co. v. Laurel County Board of Supervisors, 197 Ky. 292, 246 S.W. 833; Fordson Coal Co. v. Maggard, 6 Cir., 22 F.2d 973. When the taxpayer in the present case appeared before the Board of Supervisors it knew that the assessment as of July 1, 1948, was involved, and that the Tax Commissioner had raised the assessment. It attempted to convince the Board of Supervisors that the increase in the assessment should not be made. Under these circumstances, the action of the Board in approving the increase was not void.

We conclude that the Circuit Court erred in setting

aside the assessment and ordering the property assessed at the value at which it was listed by the taxpayer.

Appellants insist that since the appellee failed to introduce any evidence in the Circuit Court on the value of the assessed property but relied entirely upon the invalidity of the notice, the Circuit Court should have sustained the raise in the assessment made by the Board of Supervisors, the presumption being that the Board's action was correct, and they cite Hyden v. Breathitt County Board of Supervisors, 244 Ky. 505, 51 S.W.2d 441. In the Hyden case the Board of Supervisors tentatively raised the assessed valuation of certain property and served notice of its action upon the owner, who appeared before the Board and argued that the Board was without power to raise the assessment which he had given to the County Assessor without hearing proof and producing witnesses whom the taxpayer might cross-examine. The Board made its tentative raise final, and the taxpayer appealed to the Breathitt Quarterly Court and then to the Breathitt Circuit Court. He offered no evidence in either court, and his appeal in each instance was dismissed. On appeal to this court the judgment of the Circuit Court was affirmed, and in the course of the opinion it was said: "When the property owner is notified of a tentative raise or reduction in his assessment, he is thereby informed that in the opinion of the board the assessment which the property owner has turned in does not represent the fair cash value of the property. He may not presume that the board acted arbitrarily, but must assume that it acted at least upon the information the members had concerning the value of the property in dispute. It then devolves upon the property owner, if he feels aggrieved, to produce evidence to convince the board of its error, and if he fails to so convince them, he has a full remedy by appeal to the quarterly court, and thence to the circuit court where, on the trial de novo, the question of value must be determined and where witnesses both pro and con must be produced. The appellant did not avail himself in this instance of his right to require evidence as to the value of the property to be heard either in the quarterly or circuit court, but chose to rest solely on his contention that the board could not from its own knowledge as to the value of his property raise the assessment thereof."

In the present case the Circuit Court sustained appellee's contention that the raise in the assessment was invalid because based upon a void notice, and the point was not reached where the appellee was required to offer evidence or suffer a dismissal of its appeal.

The judgment is reversed with directions to hear evidence and fix a value upon the property in accordance with section 133.120 of the 1948 Edition of the Kentucky Revised Statutes.