## Castle Craig Coal Company v. Laurel County Board of Supervisors.

### Same v. Same.

(Decided January 19, 1923.)

### Appeals from Laurel Circuit Court.

1.  Taxation—Assessment by Board of Supervisors—Notice.—The fact the notice served upon the landowner, as required by section 4122 Ky. Stats., states an amount at which the board of supervisors

Castle Craig Coal Co. v. Board of Supervisors. 293

will assess same if no protest is made at the time fixed, does not relieve the board from the duty of assessing the land at its fair cash value and uniformly with other like lands in the county upon the hearing at which the owner has appeared pursuant to the notice, even though its fair cash value be in excess of the amount stated in the notice.

2.  Taxation—Setting Aside Assessment.—Evidence examined and held to show that 21,259 acres of rough, unimproved mountain land was assessed by the board of supervisors and upon successive appeals by the landowner to the quarterly and circuit courts, at a sum largely in excess of its fair cash value and of the assessed values of other like lands in the district and county, and that for both reasons the assessment is set aside, and the judgment of the circuit court is reversed with directions to assess same at an amount deemed proper under the evidence.

H. C. CLAY and H. J. JOHNSON for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, W. T. FOWLER, Assistant Attorney General, B. G. REAMS and C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

These two cases involve the valuation for taxation for the years 1919 and 1920 of 21,259 acres of very rough, unimproved mountain land, located in district No. 5 in Laurel county. Appellant gave it in for assessment each year at $63,777.00. The assessor valued it at $165,554.00, and the board of supervisors, after notice, raised it to $242,576.00 for one year and $244,776.00 for the other. Upon successive appeals to the quarterly and circuit courts the valuations of the board of supervisors were approved and adopted, and the owner has appealed to this court from the judgment of the circuit court in each case.

For reversal it is insisted: (1) That the values as fixed are not supported by the evidence as to the fair cash value of the land; (2) that such values are also largely in excess of the values at which other like property in the district and county are assessed, and hence violative of the uniformity of taxation guaranteed by the Constitution as announced and applied in the case of Eminence Distillery Co. v. Henry County Board of Supervisors, 178 Ky. 811, 200 S. W. 347, and (3) that for 1920 the board fixed the value at $100,000.00 more than the amount specified in the notice to appellant, and that such excess was therefore invalid.

The last contention is, in our judgment, wholly without merit, since the appellant, pursuant to the notice, appeared before the board of supervisors and was accorded a hearing there, as well as upon the *de novo* trials in the quarterly and the circuit courts, and a mere defect in the notice required by section 4122, Kentucky Statutes, cannot deprive the state and county assessing authorities of the right and duty, upon a hearing, to assess the property at its fair cash value and uniformly with other property liable to taxation. But the other two contentions are clearly sustained, and will be considered together.

Without attempting a detailed statement of the evidence, it is sufficient to say that by a decided preponderance thereof it is established that the fair cash value of all of this land, aside from whatever merchantable timber there is on it, is below the average for the district and does not exceed $5.00 or $6.00 an acre; that the average assessed value of all of the lands other than appellant's in the district, including timber thereon, was $6.00 for 1919 and $7.15 for 1920; and that none of appellant's land is in any respect better or more valuable than the average of the other land in the district, except possibly the 3,200 acres known as the Steele tract upon which there is valuable timber which increases its value over that of the rest of appellant's land, and possibly of the average of other lands in the district.

The evidence, moreover, conclusively shows that the land of this district, upon an average, is less valuable than that of any other district in the county—except possibly one other—and that appellant's land as finally assessed is valued at nearly double the average for the district, and at about $2.00 an acre above the average for the entire county.

We are therefore clearly of the opinion that appellant's land has been assessed largely in excess of its fair cash value and of the values fixed upon other like lands in the district and the county, and that for both reasons the judgment must be reversed in each case.

We are not so clear, however, as to the values that should have been placed upon it for the two years, but after considering all of the evidence, have concluded that to conform substantially and in a general way with the values fixed upon like lands in the district and throughout the county, this land, inclusive of the timber on the Steele tract and some scattering timber on the rest of it,

should not have been assessed at exceeding $6.00 per acre for 1919 and $7.15 for 1920, the average for the other lands in the district for such years, but that it should have been assessed at such values, since by reason of the valuable timber on the Steele tract together with such timber as could now or soon be taken from the rest of it, this land as a whole was probably of an average value with the other lands in the district.

Accordingly the judgment in each case is reversed, with directions to fix the value of the land for taxation for 1919 at $127,554.00, and for 1920 at $152,200.00.