CASE 36—APPEAL FROM TAX ASSESSMENT—JANUARY 14.

# Marion County, Etc. v. Wilson

### APPEAL FROM MARION CIRCUIT COURT.

1. APPEALS TO CIRCUIT COURT FROM TAX ASSESSMENT—JURISDICTION.—No appeal lies to the circuit court from a decision of the county judge made by him upon an appeal made to him to correct an assessment made by the county supervisors.

2. SAME—PRACTICE IN COUNTY COURT—BURDEN.—On the trial of such an appeal before the county judge the presumption is in favor of the correctness of the action of the board of supervisors; and the burden of proof rests on the taxpayer who attacks the board's action.

BEN SPALDING FOR APPELLANTS.

1. The circuit court has no power to review an assessment. The action of the county judge is special and not judicial, and section 978 of the Kentucky Statutes has no application.

2. The burden of proof was on the taxpayer.

3. The court erred in refusing to compel Mrs. Wilson to answer questions asked her on the taking of her deposition.

4. There was no certified judgment and taxation of costs. Civil Code, sec. 724.

SAMUEL AVRITT FOR APPELLEE.

1. Marion county has no interest in, or right to prosecute, this appeal. Taylor County v. Robinson, 11 Ky. Law Rep., 235.

2. The appellant, Marion county, had no right to file an answer in the circuit court. Sec. 4128, Ky. Stat.

3. The circuit court had jurisdiction of the appeal under section 978 of the statutes. Such an appeal was recognized in Taylor v. Robinson, *supra;* in L. & N. R. R. Co. v. Com., 9 Ky. Law Rep., 53; and in Com. v. L. & N. R. R. Co., 89 Ky., 134. Compare Gen. Stat., chap. 92, art. 7, sec. 2.

4. The burden of proof in the circuit court was properly on Marion county. Ky. Stat., sec. 4120; Civil Code, sec. 760; Suter v. Cardwell, 6 Mon., 34; McKitrick v. Peter, 5 Dana, 587; Board, &c., of Frankfort, v. Mason & Foard Co., 18 Ky. Law Rep., 543.

5. Appellee was not guilty of a contempt of court in refusing to answer questions asked when her deposition was taken. Civil Code, secs. 535-38, 579. She was not compelled to answer the questions put because they tended to incriminate her. Starkie on Ev. (10th ed.), p. 40, sec. 41.

6. The certificate of the county clerk to the judgment was not defective; and if it were, it would have been amendable. Com. v. Knoerr, 3 Ky. Law Rep., 624; Com. v. Douglass, Id., 685; Daniel v. Dils, 4 Id., 836; Rountree, &c., v. Leb. & P. C. T. R. Co., 9 Id., 817.

SAME COUNSEL FOR APPELLEE IN A PETITION FOR A REHEARING.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

When the assessor called at the appellee's house to take her list, she was not at home, and he returned her list the same as the year before. On notice to her, the board of supervisors raised her list $30,000. She appealed from this decision to the county judge, who held that the burden of proof was on her to show that the assessment was wrong. She declined to introduce any proof, and, her appeal having been dismissed, she appealed to the circuit court. which sustained her contention. Several points have been argued by counsel, but we deem it necessary to notice only two.

Section 4128 of the Kentucky Statutes provides: "Any informality or irregularity in the execution of their duties as supervisors, and any failure of duty on their part, shall not render any assessment invalid. But any tax-payer feeling himself aggrieved by the action of said board of supervisors, may appeal to the judge of the county court within ten days after the final adjournment of said board. It shall be the duty of the county attorney to appear and defend for the board." Appellee proceeded under this section on her appeal to the judge of the county court from the action of the board of supervisors. The section allows an appeal

to "any tax-payer feeling himself aggrieved by the action of the said board of supervisors," and it would seem incumbent on the appellant in such cases to manifest to the county judge his grievance. It should be presumed, in the absence of evidence to the contrary, that the board of supervisors acted correctly. This presumption is universally made in favor of official acts, and there are peculiar reasons why it should be indulged in favor of the action of a board taken, upon notice to the party affected, on evidence heard before the board. Our whole assessment system rests on the fact that it lays hold of the conscience of the tax-payer. He is required to make a minute list, under oath, of his property; and, when he complains of the action of the assessor or the board of supervisors, the same appeal to his conscience should be required. Any other rule would allow great abuses. The county judge properly dismissed appellee's appeal. The only other question that need be noticed is, does any appeal lie from a decision of the county judge, under the section quoted?

In Ward v. Beale, 91 Ky. 60, [14 S. W., 967,] it was held that the action of the board of supervisors, under the law in force before the adoption of the Kentucky Statutes, was final, and that no appeal lay from their decisions to the courts. The assessment of property for taxation lies at the very basis of civil government, because without the assessment there can be no taxation, and the government will be without means of subsistence. If appeals may be taken to the courts by all tax-payers aggrieved in the assessment of their property, the public revenues may be seriously affected, and a great increase of litigation placed upon the courts. The Legislature of this State has, for these reasons, manifested for many

Marion County, &c. v. Wilson.

years a disposition to confine the decision of these ques-
tions to other agencies, and to keep them away from the
judiciary. The statute in question allows an appeal with-
in ten days to the judge of the county court. No further
appeal is provided for, and we do not think it was contem-
plated that the propriety of an assessment should be car-
ried by appeals from the board of supervisors to the
county judge, and from his decision to the circuit court
and to this court. It is the duty of the county attorney
to appear and defend for the board on the hearing before
the county judge, but nothing is provided as to any other
proceeding, as to how it shall be taken, or when; and no
provision is made for a defense by the board, except on
the hearing before the county judge. It is not the char-
acter of question upon which an appeal ought to be taken
to the courts, and we are disinclined to allow one by in-
ference, contrary to the entire legislative policy of this
State, where the consequences would so imperil the pub-
lic interest. The object in creating the board of super-
visors was to get a local board well acquainted with the
people and property of the county, and so to secure a fair
assessment of the property of the tax-payers. It seems
to us that, when the judgment of this board has been ap-
proved by the county judge, who is also necessarily well
acquainted throughout his county, justice will more likely
be done all parties interested than by a trial before a
court that, of necessity, is not so well qualified to decide
these questions. The public interest requires that these
questions should not be drawn into extended litigation,
and for this reason the time for an appeal from the board
of supervisors to the county judge is limited to ten days
after the adjournment of the board. Soon after the ac-
tion of the board is taken, the clerk is required to copy

[ 20 ]

the lists, and furnish them to the collecting officers. It was evidently contemplated that all questions relating to the propriety of the action of the board of supervisors should be settled before this was done, and we do not think that it was contemplated that an appeal should be taken to the courts from the ruling of the county judge on these matters. The judgment of the court below is therefore reversed, and the cause remanded, with directions to it to discharge the injunction granted herein and dismiss the proceeding.

Response to petition for rehearing was delivered by Judge Hobson.

Counsel insists, in the petition for rehearing, that the county court can not maintain this appeal. The appellants in this court are the same as the defendants to appellee's appeal in the circuit court. They are the only parties she made defendants to that appeal, and she can not be heard to say that they have not power to prosecute an appeal to reverse an erroneous judgment which she obtained against them over their objection. The board of supervisors and the county court are both appellants, and we see no reason why they may not appeal where they were the only parties defendant to the proceeding in the circuit court. It is true the Commonwealth should have been a party to the case. Appellee did not make it a defendant in the lower court, because the State can not be sued without its consent, and the Legislature has not provided for such suit against the State. We do not think it was contemplated that the county court or the board of supervisors should bear the responsibility of defending such cases as this. As the State is the real party in interest, and the Legislature has made no provision for such an action, we do not see how it can be maintained. The petition is overruled.