CASE 60—INJUNCTION—JANUARY 27.

# Paducah Street Railway Co. v. County of McCracken, Etc.
# Paducah Gaslight Co. v. Same.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

1. CONSTITUTIONAL LAW—ASSESSMENT OF FRANCHISES.—Those provisions of the statutes creating a State Board of Valuation and Assessment and providing for the assessment of the franchises of corporations are not unconstitutional either.

First: In creating discrimination between the different kinds of private corporations, or,

Second: In failing to grant an appeal from the action of the board; such an appeal in any case is merely statutory; or,

Third: In imposing a tax for county purposes in violation of Section 181 of the Constitution.

2. DISCRIMINATION BY ASSESSOR'S DERELICTION.—It is not a valid

objection to the assessment of appellants' franchises that the assessor, in violation of his official duty, listed other property at two-thirds of its value.

3. SAME. A franchise assessment is not invalidated by the board's refusal to permit the corporation to deduct its indebtedness. No such right exists as to any taxpayer.

CLARENCE DALLAM, FOR THE APPELLANT.     (HENRY BURNETT OF COUNSEL.)

I. The act of the General Assembly creating the Board of Valuation and Assessment is unconstitutional.

II. The assessment of appellant's franchise by said board for county purposes is unconstitutional.

III. The tax levied by the county of McCracken on the said assessment of appellant's franchise is unconstitutional.

1. Because a franchise, being property, and, as such, only subject to taxation, must be assessed at its fair cash value. 97 Ky., 394; 17 S. C. Rep., 532 and 527; 6 How., 529; 8 Wall., 533; 13 Wall., 264; 62 Cal., 69; 17 Ky. Law Rep., 389; 77 Fed. Rep., 28; 98 Ill., 399; 134 Ill., 557; 4 Jones Eq. (N. C.), 287; 87 N. C., 129; 6 Gill (Md.), 288; 48 Am. Dec., 531; 19 Cal., 391; 60 Cal., 35; 48 N. J. L., 146; 12 Allen (Mass.), 75; 75 Id., 312; 19 Pa. St., 157; 6 Wall., 611; 20 Wall., 46; 11 S. W. R., 348.

2. Because the tax does not apply to all corporations, nor to individuals having and exercising exclusive privileges, and is, therefore, not a general but a special tax. 92 Ky., 239; 19 Fed. Rep., 679; 33 L. R. A., 589; 113 U. S. Rep., 709; 2 House Journ., 2029, 2079, 2199, 2291, 2293; Senate Jour., 2298.

3. Because the tax is not uniform in its application; because different modes of valuation and assessment are provided, as well as different times of payment. 81 Ky., 501; 12 Bush, 585; 81 Ky., 509; 91 Ky., 320; 19 Ky. Law Rep., 358; 32 S. W. R., 952; 13 S. E. R., 578.

4. Because it is a tax imposed by the General Assembly for the benefit of the county, contrary to the provisions of the Constitution. 25 Am. & Eng. Ency. of Law, 189; 61 Cal., 69; 89 Ky., 122; Cooley on Tax. (1st ed.), 259; 5 Cen. Law Jour., 509.

5. Because, in creating the Board of Valuation and Assessment, the General Assembly has established an unnecessary board, and one unauthorized by the Constitution; to which it has attempted to delegate powers not even vested in the General Assembly.

13 Bush, 215; 14 Bush, 153; 3 Met., 211; 34 Cal., 470; 7 Bush, 152; 10 B. M., 716; 110 U. S:, 740; 111 Pa. St., 80; 7 Bush, 147; 2 Denio, 272; Cooley's Con. Lim., 276; 37 N. Y., 428; 94 Ky. 407; 3 Met., 114; 110 U. S., 620; Endlich Stat. Con., 511; 7 Hill, (N. Y.), 82; 26 Miss., 412; 29 Cal., 449; 79 Ky., 579; 3 Met., 590; 1 Met., 624; 90 Pa. St., 406; Endlich Int. Stat., 520.

6. Because the powers vested are of a legislative as well as a judicial nature, with wide ranges of discretion, and with no established, exact or uniform rule of regulation. 19 Am. & Eng. Ency. of Law, 392; 54 Ind., 376; 149 Ill., 361; 33 L. R. A., 209; 3 Am. & Eng. Ency. of Law, 698; 4 Wall., 498; 77 Ill., 443; 10 Bush, 681; 33 L. R. A., 211; 70 Fed. Rep., 25; 13 B. M., 23.

7. Because the said board has misunderstood the duties imposed on it; has grossly erred in its construction of said duties; and greatly increased the burden of taxation. 126 N. Y., 433; Cook on Stock, sec. 9.

8. Because, being based on the earnings for the preceding year, it is a tax based on incomes, a tax only permitted for the benefit of the Commonwealth, and has not been imposed by the General Assembly. 13 Am. & Eng. Ency. of Law, 532; Morawetz on Private Corps., sec. 929.

9. Because corporations are required to pay taxes on their liabilities on property not their own, and is double taxation. 80 Ky., 656; 129 Pa. St., 429; Beach on Private Corps., sec. 799; 134 U. S., 240; 9 Wall., 353; 134 U. S., 232; 17 S. C. Rep., 630.

10. Because no right of appeal is granted from the valuation fixed by the board. 75 Maine, 298.

11. Because the valuation is not made from the reports furnished, nor from any evidence before the said board, but by an arbitrary and unjust plan, not uniformly applied.

12. Because the board has arbitrarily fixed its valuation at such an excessive figure as to prohibit any reasonable return to the stockholders; and amounts to practical confiscation and the taking of private property under the insidious guise of taxation, for public purposes, without compensation and due process of law. 33 L. R. A., 191; 86 Ky., 661; 8 Bush, 517; 80 Ky., 660; 81 Ky., 500; 12 Bush, 585; 8 Bush, 498.

J. W. BLOOMFIELD AND F. E. GRAVES, FOR THE APPELLEES.

1 Sections 4077 and 4078 of the Kentucky Statutes, creating the State Board of Valuation and Assessment and providing for the

Paducah Street Railway Co. v. County of McCracken, &c.

mode of assessing the franchises of corporations for taxation is
not unconstitutional. Com. v. Louisville Water Co., 18 Ky.
Law Rep., 620; Constitution, secs. 174, 181, 193.

2. The over-valuation, if any, is no ground for the injunction. Rus-
sell v. Carlisle, 10 Ky. Law Rep., 25; nor would mere irregu-
larity in the assessment furnish such ground. Rennick v. Curry,
3 Ky. Law Rep., 156.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

By agreement these appeals are heard together. It was
sought by the appellants in the court below to perpetually
enjoin and restrain appellee from the collection of tax
claimed by it. The court below sustained a demurrer to
the petitions, and dismissed the actions, and from that
judgment the appellants have appealed. The real question
presented for decision is as to the constitutionality of sec-
tions 4077-4079, Kentucky Statutes. In other words, the con-
tention of appellants is that the State board of valuation
and assessment, created and provided for by the statute for
the purpose of valuing the franchise of appellants, is uncon-
stitutional, and that the valuation or assessment thereof
can not be legally made by said board, and that the valua-
tion made and referred to in the petitions is illegal and in-
valid, and consequently an attempt to collect the tax under
such valuation is unlawful.

It is insisted for appellants, among other things, that
the act is invalid, because private corporations are not
required to pay upon the value of their franchises. This
contention, however, is not tenable, and the reverse has
been recently decided by this court in the case of Louis-
ville Tobacco Warehouse Co. v. Com., [48 S. W., 420].*
It is also contended that the board should
have deducted the indebtedness of the appellants,

*On rehearing the court reconsidered its first ruling in the Tobacco Warehouse
Co. case and held the appellant not liable for franchise tax. Page — this vol-
ume.—THE REPORTER.

and the cost of operating their business, from the value of the franchises, as well as several other things not neces-sary to mention. No such rule of valuation is applied to any other property. The farmer or merchant might as well claim that the criterion for valuing his farm or goods is the amount of net profits he can make after deducting his indebtedness from the value of his property. The claim of double taxation is not tenable. It is a well-known fact that the vendee of a farm may owe all of the purchase money, and yet he must list his land at its fair cash value, while the vendor is also required to pay tax upon the pur-chase-money notes.

Some allegations are made in the petitions tending to show that at some time, not definitely stated, the assessor of McCracken county, and perhaps others, only valued the property listed for taxation at two-thirds of its value. If any such valuation has been adopted or acted upon by any of the assessors of the State since the adoption of the present Constitution and the Acts of 1891, etc., they simply acted in direct violation of the Constitution and of the law, because both the Constitution and the Acts of 1891, etc., require all property to be listed for taxation at its fair cash value; and, if any assessor has not so listed or valued the property, the same is an illustration of the wisdom of the legislature in devolving upon the State board of valua-tion and assessment the duty of valuing the franchises of corporations. But we deem it unnecessary to discuss the question involved upon these appeals at length, because the validity of the act in question, as well as the basis upon which the valuation complained of was made, has been often upheld by this court. Henderson Bridge Co. v. Com., 17 Ky. Law Rep., 389 [31 S. W., 486]; Com. v. Louisville Water Co., 18 Ky. Law Rep., 670 [37 S. W., 576];

South Covington & C. St. Ry. Co. v. Town of Bellevue, (decided Jan. 13, 1899), [49 S. W., 23]; Louisville & J. Ferry Co. v. Com. (decided Nov., 1898), [47 S. W., 877]; Louisville Tobacco Warehouse Co. v. Com. (decided Dec., 1898), [48 S. W., 420]; Stone, Auditor, v. Wilson, 19 Ky. Law Rep., 126 [39 S. W., 49]; Com. v. E. H. Taylor, Jr., Co., 19 Ky. Law Rep., 552 [41 S. W., 11].

The fact that there is no appeal given from the decision of the State board is no argument against the validity of the act, as the right to an appeal from any judgment or decision of a tribunal is purely statutory, and there are many important duties devolved upon different officers from whose decisions no appeal is allowed.

Section 172 of the Constitution provides that all property not exempt from taxation shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale; and it is further provided that every officer or other person authorized to assess values for taxation, who shall commit any willful error in the performance of his duty, shall be deemed guilty of misfeasance, and upon conviction thereof shall forfeit his office, and be otherwise punished as may be provided by law. This provision imperatively requires that all property should be assessed at its fair value, and also provides that any person willfully failing to perform such duty shall be punished.

It has been suggested that section 4077 of the Kentucky Statutes is in conflict with section 181 of the Constitution, which provides that the General Assembly shall not impose taxes for the purposes of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes. It is manifest that the stat-

ute, *supra,* does not impose any tax for county or city purposes, but merely provides the mode by which the value of certain franchises is to be determined, and it is then the province of the county or city authorities to levy such tax as they deem necessary, within the bounds, authorized by law. It is true that the section, *supra,* provides that each corporation therein named shall annually pay a tax on its franchise, and a local tax thereon to the county, incorporated city, or town, or taxing district where its franchise may be exercised. This provision is in no sense levying or imposing a tax for counties, etc., but is merely a repetition of the provisions of section 172 of the Constitution.

It is true that the valuation fixed by the State board is conclusive as to the value for the purpose of taxation in counties, etc., but it in no sense levies or imposes any tax for county purposes; and unless the local authorities levy a tax upon other property, none would ever be levied or collected upon the valuation certified by the State board of valuation and assessment, and the rate so levied by local authority must, of necessity, be uniform upon all property subject to taxation as is provided for in section 171 of the Constitution.

It is also provided in section 174 of the Constitution that all property, whether owned by natural persons or corporations, shall be taxed in proportion to its value unless exempt by this Constitution; and all corporate property shall pay the same rate of taxation as paid by individual property. For the reasons stated, the judgments appealed from are each affirmed.