## STATE *v.* BOWLIN'S ESTATE.

### Opinion delivered January 12, 1920.

TAXATION—ASSESSMENT OF INHERITANCE TAX—REVIEW.—An appraisement of the value of an estate of inheritance made by an appraiser duly appointed by the probate court is not subject to review by the courts, in the absence of a charge of fraud or that any illegal principles of valuation were adopted.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

#### STATEMENT OF FACTS.

William Bowlin died testate on the 31st day of December, 1915, in Crawford County, Arkansas, owning a valuable estate consisting of both real and personal property. John M. Weaver was duly appointed executor of his will, and upon application to the probate court was also appointed to appraise the value of the estate for the purpose of ascertaining the amount of inheritance taxes to be made thereon. Weaver made an appraisement of the estate and made his report in writing to the probate court.

The Attorney General filed exceptions to the report of the appraisement, alleging that the real estate had been valued too low. The exceptions of the State were overruled by the probate court, and the State appealed to the circuit court. There a motion was made to dismiss the exceptions of the State to the report of the appraiser. The motion was sustained by the circuit court, and judgment rendered accordingly. The State has appealed.

*John D. Arbuckle,* Attorney General, and *E. L. Matlock,* for appellant.

The court erred in holding as matter of law that the State is bound by the appraisement. Acts 1913, p. 824, par. 1 and § 13, etc. The report of appraisement was merely the basis upon which the probate court might fix the amount of tax to be paid, and the State had the right to object and except to the report. 132 Ark. 138. The appraisement is vital to the State, and the State had the right to question it.

*L. H. Southmayd* and *S. R. Chew,* for appellee.

1. The act of the probate court is not a judicial act, but merely ministerial and administrative and not subject to review. 120 Ark. 295, 297; 132 *Id.* 138-140; 37 Cyc. 1614 and note; 48 Ala. 386-9; 135 U. S. 473; 218 Fed. 380; 146 Pac. 912; 156 *Id.* 124; 148 U; S. 32-43; 46 Ark. 383-386.

2. Courts will not review decisions of boards of assessment for mere errors of valuation, and no right of appeal is given the State by the act, and the State is bound by the value of the estate as fixed by the probate court. 63 Ark. 576-8; 90 *Id.* 417; 94 *Id.* 217; 106 *Id.* 248.

HART, J., (after stating the facts). Bowlin died in 1915, and the inheritance tax law passed by the Legislature in 1913 governs. Acts of 1913, p. 824. Section 13 provides that when the value of the inheritance is uncertain, the probate court, on the application of any interested party, at the instance of the Attorney General, or upon its own motion, shall appoint some competent per-

son as appraiser, who shall be sworn officer of the court, **and** whose duty it shall be to appraise the property and make a report thereof in writing to the probate court in the manner provided by the act.

An appraisement of the property was duly made in accordance with the provisions of this section of the statute, and the State appealed to the circuit court from an order of the probate court refusing to set aside the appraisement on the ground that the property had been undervalued. No provision for an appeal is made in the statute, and the circuit court properly dismissed the State's appeal. Without the assessment of property there can be no taxation and the government would be without means of support. According to the uniform current of authority, it has been held that the assessment and valuation of property for the purpose of taxation are entirely statutory, and that the right to secure a review of its valuation is purely statutory. Hence it was within the power of the Legislature to provide what officer or board should be the final judge of the valuation to be placed upon property listed for taxation.

The record shows that the assessment in the case at bar was made by the proper officer and in conformity to the mode prescribed by statute. Hence the finding of the officer was not subject to review by the circuit court unless the right to an appeal had been conferred by the statute. Cooley on Taxation (3 Ed.), vol. 2, pp. 1379-1396; *Hughes* v. *Parker,* 148 Ind. 692; *Marion County Court* v. *Wilson* (Ky.), 49 S. W. 8; *Paducah St. R. Co.* v. *McCracken* (Ky.), 49 S. W. 178; *Hower's Appeal,* 127 Pa. St. 134; *Olympia Water Works* v. *Board of Equalization,* 14 Wash. 268.

It has been held by this court, under statutes with regard to assessment of property for general taxation that the courts are powerless to revise an assessment of property made by the proper authorities when the assessment has been honestly made upon property subject to taxation and upon a proper basis. *Wells Fargo & Co. Exp.* v. *Crawford County,* 63 Ark. 576, 588; *Clay*

*County* v. *Brown Lumber Co.,* 90 Ark. 417; *State* v. *Little,* 94 Ark. 217, and *State ex rel.* v. *K. C. & M. Ry. & Bridge Co.,* 106 Ark. 248.

In the present case no fraud is charged, and it is not alleged that any illegal principles of valuation were adopted. Hence the statutory remedy is exclusive, and, no right of appeal having been conferred by the statute, the court properly dismissed the State's appeal from the judgment of the probate court.

It follows that the judgment will be affirmed.