### Lowther v. Moore, Sheriff.

(Decided April 26, 1921.)

### Motion for Injunction from Floyd Circuit Court.

1. Taxation—Omitted Property—Duty of Tax Commissioner.—The tax commissioner of a county may list all lands in his county·for taxation which have been omitted by the owners, without the knowledge or consent of such owners, but where a taxpayer refuses to give a list to the tax commissioner the list must be obtained in the way pointed out in section 4061, Ky. Stats.

2. Taxation—Appeal to Board of Supervisors or County Court.—After a list has been made for the property owner by the tax commissioner the owner may only have relief if, he desires it by appeal to the board of supervisors and to the county court.

3. Taxation—Increase of Assessment—Notice.—In such case the board of supervisors may, by giving notice, as provided in section 4122, increase the assessment of the property owner.

4. Taxation—Disconnected Tracts of Land—Notice.—If notice is given as provided in section 4122 and there is more ·than one tract of land it must be posted upon each disconnected tract, and no raise can be made by the board on any disconnected tract on which no notice was in fact posted.

A. B. COMBS for plaintiff.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and WM. DINGUS for defendant.

OPINION BY JUDGE SAMPSON—Sustaining motion.

Mrs. D. V. Lowther, who resides in Louisville, Ky., but owns lands and mineral rights in Floyd county, omit-

ted to list her property in Floyd county with the tax commissioner as of July 1, 1919, for taxation for the year 1920 as was her duty. Without her knowledge or consent the tax commissioner of that county listed her real property and turned it in to the board of supervisors, who, after giving notice as provided by section 4122, Ky. Statutes, raised the assessment made by the tax commissioner from $11,500.00 to $23,000.00.

The assessment as raised by the board of supervisors was duly certified by the county clerk and placed on the sheriff's tax books for the collection of the taxes, amounting to $429.04. When the sheriff proposed to enforce collection of the tax bill against Mrs. Lowther, she and her husband brought this action to enjoin that official from selling or offering her said property or any part thereof for sale to satisfy the said taxes. The prayer of the petition is:

"Plaintiff prays that the defendant, Kendall Moore, sheriff, his deputies and successors in office be forever restrained and enjoined from collecting or attempting to collect taxes from plaintiff or upon her property in Floyd county, for the year 1920 on the valuation as listed by the assessor and increased by the board of supervisors for said year, and that he and they be forever enjoined and restrained from levying on or selling and from attempting to levy upon or sell plaintiff's said property for the satisfaction of said alleged taxes. For her cost herein expended and for all proper relief."

The trial court entered a judgment of which the following is the gist:

"It is ordered and adjudged by the court that plaintiff's motion for an injunction be overruled as to $15,400.00 which is the fair cash value of the 1540 acres of plaintiff's land involved in this action, and $15,400.00 is the valuation placed by the court upon said lands as of July 1, 1919, upon which valuation the plaintiff shall pay to the defendant, sheriff all state and county and other taxes due on said valuation as of said date.

"It is further ordered and adjudged by the court that plaintiff's motion for an injunction be sustained as to $7,600.00, which amount is the difference between $15,400.00, the valuation placed on said lands by the court, and $23,000.00, the valuation placed thereon by the board of supervisors, and the defendant, sheriff, is hereby perpetually enjoined and restrained from collecting, or at-

tempting to collect from the plaintiff, or upon or out of her said lands, taxes on said assessment as of July 1, 1919, for the taxes due for the year 1920, on any sum or amount in excess of $15,400.00 the valuation placed on said lands by the court, as aforesaid.''

Mrs. Lowther has entered a motion before me, a judge of the Kentucky Court of Appeals, for an order directing the circuit judge to grant an injunction against the sheriff staying him from collecting said tax or any part thereof.

She first insists that the tax commissioner had no right or power, without her knowledge and consent, to list her property for taxation, and that his action in attempting so to do was and is a nullity and of no force and effect. In support of this contention she cites sections 4061, 4065, 4053 and 4122 Ky. Statutes, but we do not think her contention is supported by either or all of said sections. The case of Clark v. Belknap, 13 S. W. 212, is also relied upon by her as conclusive of the question in her favor. That case plainly holds that the tax assessor has no right or power to list the property of a taxpayer who had refused to give his list to such officer. In such case—refusal of taxpayer to give list—the statute, section 4061, points out how the assessor shall proceed to obtain the list, saying:

''The assessor shall report to the county clerk the names of all persons refusing to give a full and complete list of their property, or refusing to make oath of the same, and the clerk shall notify the supervisors; and if the supervisors fail to get a full and complete list of the property of such person, and so notify the clerk, then the county court, after giving five days' notice to such person, shall proceed to determine and ascertain the property and its value, and shall impose on such person a fine not exceeding one hundred dollars.''

This section has no application to a property owner who through neglect or oversight fails to give a list of his property to the tax commissioner. Such state of case is covered by section 4049, which requires the commissioner to list all lands of his county which the owner omits to list.

It follows therefore that the tax commissioner had the right and it was his duty to list the lands of Mrs. Lowther in Floyd county as of July 1, 1919, for the purpose of taxation for the year 1920. That official having the right

to make such list for a taxpayer, and having performed the duty, the only remedy of the taxpayer is by appeal to the board of supervisors and the county court. If he neglects to take advantage of such appeals he is bound for the tax resulting from such list.

In this case, however, the board of supervisors undertook to increase the assessment of Mrs. Lowther and in order to do so, she being absent from Floyd county, caused a written notice, reading as follows:

The Commonwealth of Kentucky.

To the Sheriff of Floyd County, Greeting.

You are commanded to summon Lowther, D. V., to appear before the board of supervisors of Floyd county at the court house in Prestonsburg on the 18th day of March, 1920 to show cause why his tax list as returned by the assessor shall not be raised from $11,500 to $23,000 and you will make due return of this summons on the date aforesaid.

Witness my hand as clerk of the Floyd county court and as acting clerk of the board of supervisors this 13th day of March, 1920.

A copy attest                          H. T. Hill, Clerk.
    Ed. Hill, J. F. C. C.              By J. N. Harris, D. C.

to be posted on one of her tracts of land lying on Prather Creek, but no notice was posted on either of the other disconnected tracts of land and mineral.

On the back of the notice the following return of the sheriff appears:

Ex. on D. V. Lowther by posting notices on property, no agent in Co. Property on Prather Creek.

March. 15, 1920.

                            K. Moore, S. F. C.
                            By Cal. Clark, D. S.

Property on
Cecil Branch
Prather Creek, James
Boyd & Johnson Land.
    A copy attest
        Ed. Hill, J. F. C. C.

Under section 4122 Kentucky Statutes such a notice to Mrs. Lowther was sufficient to make effective the action of the board in so far as it was directed at the tract of land

on Prather Creek on which notice was actually posted by the sheriff, but was not notice to her of the intention of the board to raise the valuation of the other real property of Mrs. Lowther which did not adjoin the tract of land on which the notice was posted. If, as is said in brief of counsel for Mrs. Lowther, the lands on Prather Creek lie in two tracts, not contiguous, she had notice of a proposed raise on the one tract only, and can be charged with taxes on such raise and no more. But if the two tracts are contiguous and have been and were at the time held and treated by her as one tract or boundary of land, the notice posted upon it was sufficient to give notice as to the entire tract.

It follows from what has been said that the assessment of Mrs. Lowther's property at $11,500 made by the tax commissioner is valid and she is liable for the taxes resulting from such assessment as well as for all taxes based upon the raise made by the board of supervisors which was laid upon the one tract of land on which the notice was posted.

The circuit court had no power to make an assessment of Mrs. Lowther's property, but it had the right and power, when she came in asking equitable relief, to enter a decree according to the right of the matter as in equity belongs. It was the duty of the chancellor to enjoin only such part of the tax, which the sheriff was about to collect, as was illegal and void, and to refuse injunctive relief as to the balance.

On the return of the case to the office of the clerk of the Floyd circuit court, the chancellor will enter a decree in conformity with the views herein expressed.

Chief Justice Hurt and Judges Settle and Clay sat with me in the consideration of this motion and concur in this opinion.