## Board of Supervisors, City of Somerset, v. Pinnell.

Dec. 8, 1942.

C. L. Tartar for appellant.

John S. Cooper and C. Homer Neikirk for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The Board of Supervisors of Somerset raised the tax assessment of J. H. Pinnell for 1941 from $78,425 to $103,575. He appealed to the Pulaski Quarterly Court (Sec. 2741i-1, Ky. Stats., KRS 92.530), and that court entered the following judgment:

"This cause coming on to be heard, and the defendants appearing by counsel and stating that they desired to make no defense to the above styled cause, the statement of appeal of the plaintiff is taken for confessed.

"It further appearing that the property of the plaintiff in the City of Somerset, Kentucky, for the year 1941 was listed by him for taxable purposes in said city at the sum of $78,425.00 and that the defendants had raised said sum to $103,575.00.

"It is therefore ordered and adjudged that the assessed valuation of the property of the plaintiff in the City of Somerset, Kentucky, for the year 1941 be and the same is hereby placed at the sum of $78,-

425.00; and the plaintiff will recover from the defendants his costs herein expended.''

On the same day the judgment was rendered the Board of Supervisors appealed to the Circuit Court where they filed a ''statement and answer,'' in which they pleaded justification of their action in raising Pinnell's assessment. He moved to dismiss the appeal. The court construed the Quarterly Court judgment to be a ''confessed judgment'' and dismissed the appeal. The Board of Supervisors here question the correctness of that ruling.

. Section 2741i-1, Ky. Stats., (KRS 92.530) relating to cities of the fourth, fifth and sixth classes, provides that any taxpayer aggrieved at the action of any Board of Supervisors or equalizers may appeal to the quarterly court of the county in the manner described, and ''the quarterly court shall hear evidence and pass upon the appeal, and either party may appeal to the circuit court as in other cases.'' In its applicable provisions, Section 2741i-1, Ky. Stats. (KRS 92.530) is substantially the same as Section 4128, Ky. Stats. (KRS 133.120) relating to assessments for state and county taxation, and to Sections 2992, 3181, and 3385, Ky. Stats. (KRS 91.400, 92.440 and 92.480) respectively relating to cities of the first, second and third classes, except that in relation to cities of the second class the statute provides that the appeal from the assessing board shall be taken directly to the circuit court and there ''the burden shall be upon the person appealing to show that his property has been inequitably assessed as compared to other like property in the vicinity thereof.'' Ky. Stats., sec. 3181, as amended by Acts 1940, c. 169, sec. 1. We have construed the provisions of Section 4128, Ky. Stats. (KRS 133.120) to mean that, there shall be a de novo hearing in the quarterly and circuit courts as independent, graduated fact finding tribunals, although the practice is denominated an appeal and the procedure is the same as in cases of other appeals from inferior to superior courts. Carr's Fork Coal Co. v. Perry County Board of Supervisors, 263 Ky. 624, 93 S. D. (2d) 359. There is this distinction, however: the valuation fixed by the Board of Supervisors is but the finding of an administrative board, while the decision of the quarterly court is the judgment of a constitutional court and is, therefore, final and conclusive unless superseded by a judgment of the circuit

court on an appeal as defined by the statute. McCracken Fiscal Court v. McFadden, 275 Ky. 819, 122 S. W. (2d) 761. There is applicable, therefore, to a judgment of the quarterly court the well established rule that a judgment entered by consent or agreement cannot be appealed. Harrel v. Yonts, 271 Ky. 783, 113 S. W. (2d) 426. The question is presented whether the circuit court rightly regarded the judgment of the quarterly court in this case to be of that character.

The quarterly court judgment recites that as the defendants [i. e., the Board of Supervisors] declined to make a defense, "the statements of appeal of the plaintiff [i. e., the taxpayer] is taken for confessed." The only statement in the record is the certification by the Board to the taxpayer of the increase in the assessment of each item of property which showed what each had been "listed at" and "increased to." That was all that was required by the statute. The record does not show whether any evidence was heard on behalf of the taxpayer as was required by the statute. Section 2741i-1, Ky. Stats. (KRS 92.530). The procedure and records of courts of limited jurisdiction are freely and liberally regarded with a high presumption that they did what they should have done. It is to be assumed that the quarterly court heard the taxpayer's complaint. Cf. Marion County Court v. Wilson, 105 Ky. 302, 49 S. W. 8, 799. The fact that the Board of Supervisors offered nothing in opposition did not warrant the conclusion that they were consenting to a judgment in his favor. Section 367a-10, of the Civil Code of Practice, authorizes any court in an equity case (to which a tax appeal is closely analogous) when the parties are properly summoned to "enter default judgments where no defense is made." Section 383 of the Civil Code describes when, and only when, a judgment by confession may be rendered, and that such "shall operate as a release of errors." This, then, is the equivalent of an agreed or consent judgment (34 C. J. 130), and is of the character that cannot be appealed. These Code provisions of ours accentuate the distinction between a default and a confessed judgment, which are generally held not to be synonymous terms. 34 C. J. 97, 130.

We are constrained to differ from the circuit court and to regard the judgment of the quarterly court as being only a default judgment. And as it cannot be

questioned that an appeal can be taken to a circuit court from a judgment rendered by default in a quarterly court in an ordinary case, we think the Board of Supervisors had the right to take an appeal of this tax case, as they did, in accordance with the terms of the statute. We are of opinion, therefore, that the circuit court improperly dismissed the appeal and that he should have proceeded with a trial of the issue of valuation as contemplated by the statute.

Judgment reversed.