## Reeves et al. v. Fries et al.

Dec. 15, 1942.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellants.

Kammerer & Hatton for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The petitions of the appellees, Daniel G. Fries and Daniel Fries, prayed that deficiency assessments by the Department of Revenue for additional income taxes for the year 1936, be held void and that appropriate injunctions issue. The defendants' general demurrers and special demurrers were overruled, and when they declined to plead further the relief sought by the plaintiffs was granted. The Commissioner of Revenue and the Kentucky Tax Commission, defendants below, appeal from that judgment.

The Department of Revenue, by E. Ellis Sutton, supervisor of the Income Tax Division, on January 25, 1940, advised Daniel G. Fries of the making of a deficiency assessment of $1,704.30 with interest from May 15, 1927, against him. He advised Daniel Fries of similar action, adding $1,615.20, with interest from the same date, to his tax. The additional assessment in each case consisted of (1) an increase in the reported net income by adding the taxpayer's share of the distribution of assets in the liquidation of a dissolved corporation, whose property and business were taken over by a partnership, consisting of the two taxpayers; (2) disallowance of deductions claimed on account of Federal income taxes paid in 1936 on income earned prior to 1935; and (3) interest paid on such taxes. The first item was much the larger and the controversy principally revolves about that.

It is not necessary that we consider the argument as to the merit of the deficiency assessments, for it seems to us the court should have sustained the special demur-

rers to the petitions on the ground of limitations. The taxpayers delayed too long after receiving notice of the assessments before seeking relief within the Department of Revenue.

For a clearer understanding of the statutes relating to appeals within the Department and from it to the courts, it may be well to point out the unique relationship and powers of the officers composing the department and commission. All tax administrative functions are lodged in the Department of Revenue, of which the Commissioner of Revenue has the sole charge as chief executive head. Each of two associate commissioners heads a division in the Department for the ordinary and current administration of the revenue and taxing laws. Sec. 4618-91, 4618-92, Ky. Stats., now KRS 131.030, 131.020, 131.040. The three commissioners constitute the Kentucky Tax Commission and are equal in authority when acting jointly as such. One of the commission's functions is, as stated in the 1936 Governmental Reorganization Act, "to hear appeals and to review assessments authorized by law to be made by the Department of Revenue." Sec. 4618-93, Ky. Statutes. In the Act of 1938 (first Extraordinary Session, Chap. 4) enlarging and more definitely defining the duties and power of the Department of Revenue and the State Tax Commission, the functions of that body "as an agency of the Department of Revenue" are declared to be in part, "To hear and determine appeals from findings by the Department and to review local assessments as provided by law." Section 4114h-3, Ky. Statutes Supp. 1938. These two statutes have since been merged into KRS 131.090 in the language of the later act. The Department of Revenue under the provisions of Section 4618-154, now KRS 12.030 and 12.050, established a division of income taxation of which at the time of these proceedings J. E. Luckett was the director and, under him, E. Ellis Sutton was the supervisor.

It is provided in Sec. 4114h-5 (KRS 131.110 and 131.120:

> "Any aggrieved taxpayer may petition the Department for a review by the Commission of any tax assessment, order, ruling or finding of any officer or agent of the Department within fifteen days from date of notice thereof. The Commission shall review said petition and shall grant a hearing or con-

ference if an opportunity to be heard is requested in the taxpayer's petition. If hearing is granted, the Department shall notify the taxpayer of the time set therefor, and promptly thereafter shall notify such taxpayer of the Commission's decision.''

On February 18, 1940—24 days after notice of the deficiency assessment given by the supervisor—the taxpayers lodged a verbal protest and petition for review with the Director. He, it is pleaded, ''accepted said verbal protest and petition and agreed that it should have the same force and effect as if it had been filed in writing, but without determining that said protest and petition were filed within due time, and that he would convey such protest and petition to'' the Commissioner of Revenue. On March 15, 1940, Mr. Robert E. Hatton, Attorney, wrote the Commissioner of Revenue, in which he referred to the personal appearance during the previous summer of Mr. Fries before the Department protesting the additional assessment and suggested that as the legislature had adjourned he, Mr. Hatton, wished to take up the matter again. He wrote:

''On February 14, Mr. Fries wrote me, and on about February 19 I entered the protest with Mr. Luckett. You will note that this was over fifteen days, but due to the fact that the Department had delayed so long in communicating with Mr. Fries, and further in view of the fact that the matter of liquidating dividends has been held in abeyance pending the enactment of legislation, I feel that justice demands that Mr. Fries be permitted to file a formal appeal and protest with the Kentucky Tax Commission of the act of the Division of Income Taxation.''

In the closing paragraph Mr. Hatton asked that Mr. Reeves accept the letter as an ''appeal to the Kentucky Tax Commission'' and that he be permitted upon his return from Florida to prepare and file a formal petition. Mr. Reeves replied on April 13th justifying the assessments, particularly because of the recent passage by the legislature of an amendment to the income tax law expressly covering the distribution of assets of a liquidated corporation and having a retroactive provision, which bill had been pending during the negotiations with respect to the deficiency assessments against the appellees. Because of this, he added, ''we see no basis for an appeal and find it unnecessary, in our opinion, to pass upon

the question of limitation." This was regarded as a ruling by the Department and on April 29th counsel for the taxpayers protested "pursuant to Kentucky Statutes, Section 4114h-5." On May 2nd he filed a formal petition for review. Finally, on May 25, 1940, the Commissioner of Revenue wrote Mr. Hatton:

"It is my impression that I agreed to review the case with a view of determining if there was grounds for an appeal in the case. Upon making this review we find that the Department mailed the notice of adjusted deficiency assessment to the Fries on January 24, 1940, and that on February 18, you entered a verbal protest, and that subsequently protest and petition for review was filed.

"It is the Department's opinion that the limitation had run, and that the taxpayer is not entitled to relief. This construction has been consistently applied in other cases, and it would be unfair, as well as in our opinion illegal, to re-open it."

On May 31st, Mr. Hatton took up the matter with the Attorney General's office. It rested there until October 9th, when an Assistant Attorney General advised him that the Attorney General declined to pass upon the question of liability for the tax. Following that, these petitions were filed in the circuit court.

It will be seen that while the verbal form of the protest or petition was waived, at no time did the Commissioner of Revenue or any other agent of the Department waive the point of delay beyond 15 days in making such protest in the beginning. It was held in reserve until the end, and the review by the Tax Commission denied by the Commissioner of Revenue on that ground alone.

The appellees contend the Commissioner of Revenue affirmed the deficiency assessments on the merits and denied a review in the letter of April 13th. It is argued that this is a "tax assessment, order, ruling or finding" of an officer of the Department as described in the statute, of which a review by the Tax Commission may be had and that the refusal to recognize petitions for review contained in Mr. Hatton's letter of April 29th and in the formal documents filed May 2nd, by the Commissioner's letter declaring the original protests and petitions were barred by limitations of fifteen days is all contrary to Section 4114h-5, Kentucky Statutes, now KRS 131.110,

and the denial of equal protection of the law and the right of due process under Federal and State constitutions.

Taking a decision of the Department of Revenue or an officer thereof to the Kentucky Tax Commission, although called an appeal, is not truly such, but is to seek and to have a de novo re-determination of the assessment by a different body. While the language of the statute is not clear and complete, the intent is manifest that when a petition for review is filed in the time allowed by the statute with the Department of Revenue, it is the duty of that Department or the Commissioner to submit it to the Tax Commission. But that duty is not created unless the petition shall have been filed within the time stipulated, namely, "within fifteen days from date of notice of any tax assessment, order, ruling or finding of any officer or agent of the Department of Revenue." Section 4114h-5, Kentucky Statutes, now KRS 131.110. This imposes the duty upon the taxpayer to move expeditiously and pursue in a timely manner the remedies granted by the statute. Fatal laches on the part of the taxpayer does not have to be cured by the Department of Revenue. The whole proceeding is purely statutory and the legislature had the power to grant or to withhold the right of appeal or review or to prescribe the conditions under which it could be had. Marion County v. Wilson, 105 Ky. 302, 49 S. W. 8, 799, 20 Ky. Law Rep. 1193, 1452; Paducah Street Railway Company v. McCracken County, 105 Ky. 472, 49 S. W. 178, 179, 20 Ky. Law Rep. 1294. Where the initial or any intervening assessing officer or board has substantially followed the law in fixing the valuation of property for assessment, and the taxpayer has not sought relief in a revisory board or court in the manner prescribed by the statute, the initial action is final and conclusive. Commonwealth v. Southern Pacific Railway Company, 150 Ky. 97, 149 S. W. 1105; Lowther v. Moore, 191 Ky. 284, 229 S. W. 705.

The effect of Section 4114h-5, Ky. Stats., now KRS 131.110, was to make the finding by the Department of Revenue that the income tax reports were incorrect and the making of the deficiency assessments final unless petitions for review should be filed fifteen days after notification. That not having been done and the delay not waived, the right to review never came into operation in these cases. The Commissioner of Revenue was

not required by the statute to recognize the initial petitions or requests for review. While he and the Department of Revenue passed the question and at first ruled on the merits of the claims without having waived the delay, we think he was authorized on a reconsideration to deny the appeals on the ground of limitations. The Commissioner's ruling on the merits of the original protests was in effect withdrawn by him so the end sought by the taxpayers—to have it vacated—was accomplished. The cases were then replaced in their original status.

If the petitions filed in the court be regarded as equivalent to an action to mandamus the Commissioner of Revenue or the Kentucky Tax Commission to grant a hearing or review of the subject, we would have to hold that it should be denied because the right was lost by the delay in filing the original protest or petition for review. Finally, we may add that were the case presented so that the merits could be considered, it would have to be decided against appellees on authority of Reeves v. Turner, 289 Ky. 426, 158 S. W. (2d) 978, in which identical questions were determined.

The judgment is, therefore, reversed with directions to sustain the special demurrers to the petitions.