## BALLARD COUNTY et al. v. CITIZENS STATE BANK OF WICKLIFFE.

Court of Appeals of Kentucky.

Oct. 9, 1953.

J. D. Buckman, Atty. Gen., Hal Williams and Roy H. Pennington, Asst. Attys. Gen., Haden Owens, Wickliffe, for appellants.

M. C. Anderson, Wickliffe, for appellee.

STANLEY, Commissioner.

The main question is whether the Kentucky Tax Commission may of its own volition and without notice raise the valuation for taxation of shares of stock in a bank after an assessment has been made by the local tax commissioner and approved by the county board of supervisers. A subsidiary question is whether relief from such affirmative action may be had in a suit in equity rather than by an appeal.

The circuit court enjoined the Commission, the Department of Revenue and the local taxing officers from putting such a raise in effect.

The Citizens State Bank of Wickliffe duly listed with the county tax commission-

er all its property having local taxable situs as of January 1, 1952. The list included a valuation of its shares of stock after deducting the values of its tangible property as $31,724. The Bank also filed with the Department of Revenue a report purportedly in compliance with KRS 136.280(1), but it was incomplete. The report omitted items required by the statute and the Bank ignored a request that it be completed. Upon factual information obtained from the Department of Banking, the Kentucky Tax Commission on its own accord increased the valuation of the shares to $102,000. The amount of the assessment is not involved in this case.

The assessing of shares of bank stock is by "the assessing officer of the county, city or taxing district in which" the bank is situated. KRS 136.280(2). There is no initial or original duty or power vested in the Department of Revenue or the Kentucky Tax Commission to evaluate or assess such property. But the statutory provisions for equalization, collection, etc. of taxes on other personal property are specifically made to apply to bank shares. KRS 136.280(4). Doubtless the provision requiring the report to the Department of Revenue, KRS 135.280(1), is in view of the department's right by virtue of KRS 133.120(1) if it is not satisfied with the initial assessment by the local authority to protest to the county board of supervisors, which board is authorized to review and change the valuation upon the recommendation of the Department or of certain local officers. The Department or the local officers may appeal to the Kentucky Tax Commission, the same as an aggrieved tax payer, from the final action of the board of supervisors. Thereupon the Tax Commission, upon notice and after a de novo hearing held in the county where the property is located, fixes the valuation. If dissatisfied with that, the Department of Revenue or others may resort to the courts. KRS 133.120(4).

In the instant case, neither the Department nor any one else pursued the remedy of review of the assessment by the county tax commissioner, and it became the final assessment by the county board of super-

visors. After that valuation had been made, Ballard County procured a re-appraisal by the Department of Revenue of all property having a taxable situs in the county, as provided by KRS 132.670. But no change was made in the valuation of the property of the Citizens State Bank or of its shares of stock. The matter remained at rest with the local assessment.

On June 16, 1952, the Kentucky Tax Commission, ex parte and without notice, entered an order reciting that the assessment of the stock "was not equalized with the assessment of the shares of other banks," and directing that the valuation be "fixed at $102,000, an increase of $70,275." The Commission certified its action to the local taxing authorities and advised the bank that its action was taken under KRS 133.160. This was done *after* the order was made, although that section of the statutes provides for notices of a *"contemplated"* raise in the assessed valuation of property in the county. This suit to enjoin the enforcement followed.

The defendants justified the action of the Tax Commission upon the failure of the Bank to file complete report with the Department of Revenue. They claim power in the Commission to raise the assessment under KRS 131.090, which declares its functions as an agency of the Department of Revenue to be: "(1) To assess property in so far as the department is authorized by law to make assessments", and "(2) To hear and determine appeals from findings by the department and to review local assessments."

■ I. The Tax Commission, as an agency of the Department, has the power to make certain initial ad valorem assessments, such as of franchises and property of public service companies, KRS 131.030, and of distilled spirits, KRS 132.140, and the Department the initial power with respect to inheritance and estate taxes, KRS 140.190 and deficiency income taxes. KRS 141.210. We think the general provisions of Paragraph (1) of KRS 131.090, quoted above, relate to the assessment of such classes of property. We do not read Para-

graph (1) of KRS 131.090 as conferring authority on the Kentucky Tax Commission in the manner followed in this case to increase local assessment of property of an individual above that made by the local assessing officers. If it may thus increase such valuation of bank shares, it may likewise increase the valuation of any other particular property of any other particular taxpayer. The authority of the Tax Commission in respect to the property of an individual or other corporations is the authority only to review or re-determine values on an appeal as provided in Paragraph (2) of KRS 131.090.

II. In the argument in this court the appellants justify the procedure as one of equalization. KRS 133.150 says, "The Kentucky Tax Commission shall equalize each year the assessments of the property among the counties", and prescribes that it is to be by comparison of the recapitulation of the books of the respective county tax commissioners with other information of value. The section gives that body power to "increase or decrease the aggregate assessed valuation of the property of any county or taxing district thereof or any class of property or any item in any class of property." KRS 133.160 requires direct notice to the local public officers and posted notice to the taxpayers of the taxing unit of the action taken and of a hearing to be had on the blanket raise. At the end of KRS 133.160, the statute provides:

"If the property of an individual owner is singled out for an increase, the owner shall be notified by the Department of Revenue by registered mail. The increase of an assessment of property of an individual owner may be reviewed or appealed from only in the manner provided in subsection (2) of KRS 131.110 and in KRS 131.120."

This must be read with the provision in KRS 133.150 empowering the Kentucky Tax Commission to equalize the aggregate assessed valuation of property of the county or taxing district thereof, "or any class of property or any item in any class of property."

It is to be noted that KRS 131.110 and KRS 131.120, which the quoted part of KRS 133.160 prescribes as measures of review, relate to "any tax assessed by" the Department of Revenue or its agent and to protested assessments. It would seem that the reference in KRS 133.160 to "property of an individual owner" is susceptible only to one or the other or perhaps both of two applications (no definite expression of opinion being now necessary) namely: (1) to such property as is originally evalued or assessed by the Department of Revenue; or, (2) in the process of equalizing the aggregate of the entire county assessments with those of other counties. Obviously, the question is whether the present proceeding can be justified as equalization.

"These statutes", KRS 133.150 et seq. this court has said, "contemplate that the Kentucky Tax Commission shall act as a state board of equalization." Blue Diamond Coal Co. v. Cornett, 300 Ky. 647, 189 S.W.2d 963, 965. In that case the assessed value of property of certain coal companies had been finally fixed by the Commission on appellate review, and later the Commission had directed that the total valuation of certain classes of property in Perry County be increased by ten per cent. The coal companies contended that the ten per cent could not be made to apply to their property. The court held on the appeals of the individual taxpayers, under KRS 133.120 et seq. that the Commission had merely equalized their assessments with the assessments of other property owners, while the blanket raise, under KRS 133.150, 133.160, equalized the total assessments of the county with the assessments of other counties; hence, the final valuation of the individual property could be raised along with that of all others. The term "equalization" imports comparison in order that all may be placed on the same level or plane. There are only two banks in Ballard County, the appellee and another. There is nothing in the record to show the Tax Commission regarded the original assessment of $31,725 was on an unequal footing either with the other local bank or other banking institutions in the state. There was no sort of equalization

or other proceeding. There is only the sua sponte action of the Tax Commission.

■ We may well appreciate the impatience of the Department of Revenue over the failure of the Citizens State Bank of Wickliffe to comply with its request to conform to the law by making the report described, and understand its suspicion of gross undervaluation. But the remedy of the state taxing authorities was to have a review of the action of the county tax commissioner by the county board of supervisors and then, if not satisfied that its valuation was fair, to bring the assessment by orderly procedure before the Kentucky Tax Commission as an equalizing board rather than for that body (composed of the Commissioner of Revenue and his two associate commissioners) to act on their own initiative.

It may be here observed in order to distinguish former cases that in the revision of tax laws in 1942, the provision for an appeal to the Quarterly Court from an assessment by the county board of supervisors was eliminated and the appeal taken direct to the circuit court. Acts 1942, Ch. 131, Sec. 16, and in 1949 that was changed and the Kentucky Tax Commission designated in substitution of the circuit court. Acts 1949 Ex.Sess., Ch. 2, Sec. 7, now KRS 133.-120(4). This but emphasizes that the nature of the authority of the Tax Commission in relation to local assessments of tangible property is appellate only.

The appellants contend the sole remedy of the bank was an appeal from the action of the Kentucky Tax Commission, as prescribed in KRS 133.160, 131.110 and 131.120. The cases cited in support are distinguishable.

In Johnson v. Fordson Coal Co., 213 Ky. 445, 281 S.W. 472, the State Tax Commission, upon notice and after hearing, increased the assessment of a coal company under an Act of 1924, Ch. 109, Sec. 7. The taxpayer contended the assessment was void and by suit challenged the constitutionality of the law. This court, after fully considering the question, held the Act constitutional and that the assessment was not void. We added that since the assessment was not void, the taxpayer, by having failed to appeal from the action of the Commission, had lost its right to complain of the assessment. (To avoid possible confusion, it may be noted that the functions of the state tax commission have subsequently been divided between the Department of Revenue and the present Kentucky Tax Commission. KRS 131.020 and Revisor's notes thereto).

Reeves v. Fries, 292 Ky. 450, 166 S.W.2d 985, 988, is an income tax case. The Department of Revenue is given initial and exclusive power to make deficiency assessments of income taxes. KRS 141.050, 141.-210. The case holds that where the increase has been made by the Department, the taxpayer's only remedy is for review under KRS 131.110 and 131.120, namely, an appeal to the Kentucky Tax Commission for a de novo re-determination of the amount of income taxes payable. As observed in that opinion, "Where the initial or any intervening assessing officer or board has substantially followed the law in fixing the valuation of property for assessment," the action is final unless relief is sought in the manner prescribed by statute. In the case at bar, the Kentucky Tax Commission had not "substantially followed the law" in raising the assessment for ad valorem taxes of an individual property owner.

■ The action of the Commission was not merely an error in valuation or in the exercise of discretionary power. It was void. The taxpayer, then, was not required to appeal from an order which the administrative body had no jurisdiction or power to make, but could by its separate action in court enjoin and restrain its enforcement. Burnside Supply Co. v. Burnside Graded Common School, 260 Ky. 482, 86 S.W.2d 160; Todd County v. Bond Bros., 300 Ky. 224, 188 S.W.2d 325; Compare, Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W.2d 557.

The judgment is affirmed.