Alvester **TAYLOR**, Movant,

v.

**COMMONWEALTH** of Kentucky, Respondent.

Court of Appeals of Kentucky.

May 19, 1978.

As Modified June 2, 1978.

Timothy T. Riddell, Asst. Public Defender, Frankfort, Ernesto Scorsone, Lexington, for appellant.

Robert F. Stephens, Atty. Gen., Frankfort, for appellee.

### OPINION AND ORDER

Before the full Court En Banc.

MARTIN, Chief Judge.

This case is before the Court on a motion for clarification. The movant seeks to determine if he should proceed by direct appeal, or whether he must proceed on a motion for discretionary review.

On August 3, 1977, a petition was filed in the Fayette County Court, Juvenile Division, charging Alvester Taylor with kidnapping, rape in the first degree, and assault in the first degree. Following a probable cause hearing the juvenile court dismissed the charge of kidnapping. On November 2, 1977, Taylor was adjudicated delinquent by the juvenile court on the remaining two charges and was ordered committed to the Department for Human Resources as a delinquent child until age 21, with a recommendation that he be given the maximum sentence available. On November 7, 1977, Taylor filed an appeal from the juvenile court in the Fayette Circuit Court and re-

quested a trial *de novo.* On March 10, 1978, after conducting a three-day nonjury trial, the circuit court entered "Findings of Fact and Verdict" against Taylor, finding him "guilty of rape in the first degree and assault in the first degree" and "affirmed and reinstated" the judgment of the juvenile court. On March 31, Taylor filed his notice of appeal from the March 10 judgment.

■ Given the facts and circumstances of the present case we believe that Taylor is entitled to a direct appeal as a matter of right. Amended section 115 of the Kentucky Constitution is a part of the judicial reform, which was ratified in November 1975, and became effective on January 1, 1976.[1] Section 115 guarantees that "[i]n all cases . . . there shall be allowed as a matter of right at least one appeal" and that appeals "shall be upon the record." In this action the circuit court properly heard Taylor's appeal from the juvenile court in a *de novo* proceeding pursuant to RCr 12.06, which applied to all judgments entered in lower courts on or before December 31, 1977. See RCr 12.08. Because Taylor's appeal to the circuit court was heard *de novo,* he has not yet had one appeal on the record, as guaranteed by § 115. In fact, it has been said, even in this jurisdiction, that a *de novo* consideration is not truly an appeal at all but is a redetermination by a different decision-making body. *Reeves v. Fries,* 292 Ky. 450, 166 S.W.2d 985 (1942).

It should be noted that the judicial amendment itself recognized that this *de novo* procedure would continue during the transitional period of the lower courts. Section two of the act set forth a schedule of transitional provisions. One provided that until January 1978, when the district courts were to begin operations, the quarterly, county, justices' and police courts would continue in existence and would "continue to be governed by the present

constitution and none of the provisions of this amendment shall apply to them." Although the district courts are now courts of record, most of their predecessors were not and were allowed to continue in that fashion for the remainder of their existence. Thus appeals from the predecessor courts were necessarily heard *de novo,* as there was no record for the circuit court to review.

Consistent with our decision is CR 73.-01(2), which now applies to criminal appeals as well as civil appeals. It provides that a motion for review "by the Court of Appeals of an appellate decision of the circuit court, shall be made as provided in Rule 76.20." CR 76.20 sets forth the procedure for proceeding upon a motion for discretionary review. In this case, the circuit court's decision was not an "appellate" decision. There was no review of the record, no search for reversible error by the court below, and no determination of whether Taylor received a fair trial. Instead, a new proceeding was conducted, and evidence was taken over a period of three days. On the basis of that evidence the circuit judge concluded that "Alvester Taylor is guilty of rape in the first degree and assault in the first degree." Under these circumstances, Taylor has not had the benefit of an appeal to determine whether he received a fair trial. He merely had a "second chance," or a second opportunity to be found delinquent. Under the *de novo* appeal procedure, error may occur for the first time in the circuit court, and without an appeal on the record there is no opportunity to correct it.

In reaching this decision, we recognize that K.R.S. 22A.020(1), might arguably conflict in part with our conclusion. It states:

Except as provided in section 110 of the constitution, an appeal may be taken as a matter of right to the Court of Appeals from any conviction, final judgment, or-

---

1. § 115. *Right of appeal—Procedure.*—In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law, and the general

assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage. Procedural rules shall provide for expeditious and inexpensive appeals. Appeals shall be upon the record and not by trial de novo.

der, or decree in any case in circuit court, *unless such conviction, final judgment, order, or decree was rendered on an appeal from a court inferior to circuit court.* [Emphasis added.]

■ Because we believe that the constitutional direction given to this Court is paramount, we construe "rendered on an appeal from a court inferior to circuit court" as referring only to decisions of the circuit court made while sitting as an appellate review court, and not to those made sitting as a trial court.

Therefore, we shall consider by direct appeal from circuit court all cases decided by the lower courts prior to January 1, 1978, and reviewed *de novo* by the circuit court. The motion to allow this case to proceed as a direct appeal is GRANTED.